## HENRY S. WARNER'S APPEAL FROM PROBATE.

A testatrix directed that the residue of her estate be divided into four equal parts, and after disposing of three of the four parts severally to the children of three several brothers, gave the remaining fourth "to the sons of my two sisters deceased, *H* and *C*." The two sisters were successively the wives of the same husband, and *H* was the son of one sister and *C* of the other, and there were no other children. Held that *H* and *C* took as a class, and *C* having died before the testatrix, that *H* as survivor took the whole of the fourth.

APPEAL from a decree of the court of probate for the district of Plymouth, ordering the distribution of the estate of Anna Scoville, reserved by the Superior Court for the advice of this court. The case is sufficiently stated in the opinion.

*G. C. Woodruff* and *E. W. Seymour*, for the appellant.

*Fenn*, for the appellees.

FOSTER, J. The question in this case depends upon the construction to be given to the following clause in Mrs. Scoville's will:—

"The remainder of my estate, both real and personal, that which fell to me at my father's death, in the Hartford Bank, under trustees ; that left me by my husband's estate ; all that belongs to me, to be divided into four equal parts—one fourth to be divided among the heirs of brother Eli Terry deceased, one fourth among the children of my brother Henry Terry, one fourth to the children of my brother Silas B. Terry, and one fourth to the sons of my two sisters deceased, Henry S. and Charles K. Warner. This property to be divided by the executor and those to whom it is given, and without a probate settlement, if they prefer."

We entertain no doubt as to the meaning of this clause. Whether taken by itself, or in connection with the whole will, the intention of the testatrix plainly is, to divide all that portion of her estate, not otherwise specifically disposed of, into four equal parts, and to give one of each of said fourth parts to each of the four classes of persons described in the clause.

That the division should be to classes, not to individuals, is, we think, clear. These nephews were the sons and the only offspring of different deceased mothers, each of whom was a sister of the testatrix, and each had.been the wife of Mr. Warner. Charles K. Warner, one of these nephews, died before the testatrix, and the gift being to him and his brother, they constituting one of these classes, it follows that the survivor takes the whole.

The decree of the court of probate treating this gift to Charles K. Warner as having lapsed, and therefore to be distributed as intestate estate, is erroneous. The Superior Court is advised to reverse the decree, and order distribution of the estate in conformity to the views here expressed. We have lately had occasion to examine the authorities upon the construction of wills, as to whether a distribution is to be made *per stirpes* or *per capita*. See *Talcott* v. *Talcott*, and *Bolles* v. *Smith*, ante, pages 186 and 217.

The cases on the subject are very numerous, but we refrain from any examination of them; the intention of the testatrix, always paramount to any arbitrary rules, if not inconsistent with established principles, being too clear to make any examination necessary.

In this opinion the other judges concurred.