GEORGE N. SWALLOW, executor, *vs.* REBECCA P. SWALLOW & others.

Suffolk.    March 30, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Lapsed Legacy — Heirs — Bequest of Remainder to a Class.*

A testatrix bequeathed " one half of the remainder of my estate . . . to my heirs Z. and R., and the remaining half to the heirs of I., my late husband, namely, M., S., and D." M. and D. died before the testatrix, each leaving heirs and next of kin living at the time of the filing of a bill to obtain the instructions of the court. *Held*, that, while the case was close, it was the intention of the testatrix that one half of the remainder should go to the heirs of her husband whom she had named as a class distinct from that of the heirs of herself, and that S. was entitled to the whole of the one half so bequeathed to the heirs of her husband.

BILL IN EQUITY, by the executor of the will of Sally P. Taylor, to obtain the instructions of the court as to the con-, struction of the third article of the will.

The case was heard by *Morton*, J., and reserved for the consideration of the full court on the bill and answers. The facts appear in the opinion.

*A. Hemenway & A. E. Burr*, for Rebecca P. Swallow and William P. Proctor.

*M. Coggan*, for Samuel S. Taylor.

FIELD, C. J.   This is a bill for instructions, brought by the executor of the will of Sally P. Taylor, who has in his hands certain personal estate bequeathed under the third article of the will. If there is real estate devised under that clause, it does not appear that the executor has anything to do with it, or is entitled to ask for instructions with regard to it. The third article is as follows :

" I bequeath and devise one half of the remainder of my estate, whether it be real, personal, or mixed, to my heirs Zephaniah P. Proctor and Rebecca P. Swallow, and the remaining half to the heirs of Isaac O. Taylor, my late husband, namely, Mary T. Bennett, Samuel S. Taylor, and Don G. Taylor, the son of Alpheus Taylor, deceased."

The will was executed on February 23, 1883, and at that time all of the persons named in this third article were alive. The testatrix died on August 3, 1894. Zephaniah P. Proctor died on February 28, 1892, leaving as his only heir and next of kin a son, William P. Proctor, who is now living. The only questions stated in the bill relate to the disposition of the one half of the remainder bequeathed to the heirs of the husband of the testatrix.

It is assumed in the briefs of the parties that these heirs of the husband of the testatrix are not children or other relations of the testatrix, within the meaning of Pub. Sts. c. 127, § 23, and we proceed on this assumption. Of these heirs, Mary T. Bennett died on December 15, 1888, leaving as her only heir and next of kin a son, John O. Bennett, now living ; Don G. Taylor died on January 11, 1894, leaving as his only heirs and next of kin Arthur Macomber, William Macomber, Fannie Macomber, Nellie Macomber, and Mary Bigelow, half brothers and half sisters of Don G. Taylor, all of whom are now living. The only heirs and next of kin of the testatrix at the time of her death were Rebecca P. Swallow and William P. Proctor, who are now living, and they claim as property undisposed of by the will the shares which would have gone to Mary T. Bennett and Don G. Taylor if they had survived the testatrix. Samuel S. Taylor claims the whole of the one half bequeathed to the heirs of the husband of the testatrix by right of survivorship; John O. Bennett claims one third of this one half, as only heir and next of kin to Mary T. Bennett; and the half brothers and sisters of Don G. Taylor claim one third of this one half, as his only heirs and next of kin. The only parties who appeared at the argument or filed briefs are Rebecca P. Swallow, William P. Proctor, and Samuel S. Taylor. It does not appear whether, at the date of the execution of the will, the persons named in it as the heirs of the husband of the testatrix were all of these heirs, but perhaps

this is not an improbable inference from the facts stated in the bill.

If the shares given to Mary T. Bennett and Don G. Taylor were given to them as individuals, and not as members of a class, then the bequests lapsed and they are property undisposed of by the will. *Lombard* v. *Boyden,* 5 Allen, 249. *Sohier* v. *Inches,* 12 Gray, 385. If the one half given to the heirs of the husband of the testatrix who are named was given to them as a class, then only the survivors of that class take. If the gift had been to the heirs of her husband, without naming them, then the persons who were at the time of her death the heirs of her husband would have taken this one half.

It is evident that the testatrix intended to dispose of all her property by her will, because the article of the will we are considering purports to dispose of the remainder of her estate, whether it be real, personal, or mixed. It is evident, too, that the testatrix intended to dispose of the remainder of her estate equally between the heirs of herself and the heirs of her husband. We do not feel at liberty to reject the names, and therefore must confine the gift to the heirs named. If the will had provided that the one half we are considering should be equally divided between the heirs of her husband whom she named, the argument would be of great force that the construction must be that each should take his or her share in severalty, or as tenants in common, and that the shares of Mary T. Bennett and of Don G. Taylor would lapse. But there is no such provision in terms in the will, although that would be the result if the heirs named had survived the testatrix.

The case certainly is very close, but on the whole we are inclined to the opinion that the dominant intention of the testatrix, as manifested in her will, is that one half of the remainder should go to the heirs of her husband, whom she has named as a class distinct from that of the heirs of herself, and that this intention would be defeated if two thirds of the one half were to go to her own heirs and next of kin. The case, we think, falls within the principle of the decisions in *Jackson* v. *Roberts,* 14 Gray, 546 ; *Schaffer* v. *Kettell,* 14 Allen, 528 ; *Stedman* v. *Priest,* 103 Mass. 293. See *Church* v. *Church,* 15 R. I. 138 ; *Springer* v. *Congleton,* 30 Ga. 976 ; *Talcott* v. *Talcott,* 39 Conn. 186 ; *Warner's appeal,* 39 Conn. 253.

The result is that Samuel S. Taylor is entitled to the whole of the one half bequeathed to the heirs of the husband of the testatrix.                     *Decree accordingly.*