[S. F. No. 2030.   Department One.—August 7, 1900.]

In the Matter of the Estate of NORA LANGDON, Deceased. ELLEN IVERS et al., Appellants, v. J. W. BYRNE et al., Respondents.

ESTATES OF DECEASED PERSONS—DISTRIBUTION TO SURVIVORS OF A CLASS—MATERIAL ISSUE—INTENTION OF TESTATRIX—CONSTRUCTION OF WILL—UNCERTAINTY — PAROL EVIDENCE.—Where a will devised and bequeathed the residue of the estate to three nephews of the testatrix, described merely as nephews, one of whom died before the death of the testatrix leaving no lineal descendants, and the petition of the survivors for distribution of the whole residue to them alleged that the three nephews were the only children of a sister of the testatrix, and that it was her intention to devise and bequeath such residue to them as a class of such children who should be living at the death of the testatrix, issue joined upon such allegation raised a material issue of fact; and the will is sufficiently uncertain upon its face to admit parol evidence upon that issue to show the circum-

stances of the case, exclusive of the oral declarations of the testatrix, under section 1318 of the Civil Code.

ID.—FINDING OF FACT—SUPPORT OF DECREE—CONCLUSIVENESS UPON APPEAL.—A finding of fact, made in view of the evidence of the circumstances of the case, that the testatrix intended to devise and bequeath the residue of her estate to the three nephews as a class is sufficient to sustain a decree distributing the residue of the estate to the surviving nephews; and such finding is conclusive upon appeal if it is not assailed as contrary to the evidence and the evidence is not disclosed in the record upon appeal.

ID.—DEFECTIVE DECREE—OMISSION OF SMALL LEGACIES—ORDER FOR CORRECTION—COSTS UPON APPEAL.—A defect in the decree of distribution in failing to contain a provision for the payment of small legacies, of five dollars each, will be ordered corrected in that respect by the trial court, without costs to the appellant.

APPEAL from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

T. C. Coogan, and Fitzgerald & Abbott, for Appellants.

W. B. Treadwell, for Respondents.

E. B. & George H. Mastick, and Matt. I. Sullivan, for Executors.

GAROUTTE, J.—The deceased, Nora Langdon, died testate, leaving a will which contained, among other provisions, the following: "Eighth. All the rest and residue of my estate I give, devise, and bequeath unto my nephews, Callaghan Byrne, James W. Byrne, and Fred Byrne, in equal portions." In due course of administration J. W. Byrne and Callaghan Byrne, two of the aforesaid nephews, filed a petition for distribution, setting forth a copy of the will, and alleging that the estate was ripe for distribution. This petition further alleged that Fred Byrne, the third of the aforesaid nephews, died prior to the death of the testatrix, leaving no lineal descendants, and that said Fred Byrne and petitioners were the only children of Margaret Irvine, a sister of the testatrix. The following important allegation then follows: "That the intention of the said testatrix in the eighth subdivision of said will was to devise and bequeath

the residue of her estate to the said Callaghan Byrne, James W. Byrne, and Fred Byrne as a class—namely, as the children of her said sister, Margaret Irvine, and to those of said class only who should be living at the death of said testatrix; and upon the death of said Fred Byrne during the life of said testatrix, your petitioners became and are the sole survivors of said class, and are entitled to the whole of said residue." An answer was filed to this petition for distribution by various parties interested as heirs of said testatrix, and by this answer it was denied "that the intention of said testatrix in the eighth subdivision of her will was to devise and bequeath the residue of her estate to said Callaghan Byrne, J. W. Byrne, and Fred Byrne as a class, or as children of her said sister Margaret Irvine, or to those of said class only who should be living at the death of said testatrix." Upon the hearing of the petition the court made findings of fact, and by these findings declared the said allegations of the petition to be true, and ordered the residue of the estate to be distributed to Callaghan Byrne and J. W. Byrne, share and share alike. This appeal is prosecuted by some of the heirs from that decree.

It was alleged in the petition that the intention of the testatrix by her will was to devise and bequeath the residue of her estate to these aforesaid nephews as a class. This allegation was denied, and the finding of the court was in favor of the allegation of the petition. If the intention of the testatrix in this regard is to be determined from the provisions of the will alone, then the issue between the parties was one of law, but if the intention of the testatrix as to whether or not she purposed to give the residue of her estate to these nephews as a class was a question of fact, then the petition for distribution and the answer squarely presented an issue of fact upon which a finding was proper and necessary. Section 1318 of the Civil Code declares: "In case of uncertainty arising upon the face of a will as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."

It may be conceded without question that uncertainty does arise upon the face of the will of this testatrix as to her inten-

tion in making this residuary disposition of her property to these three nephews. Standing alone, the provisions of this will are surely vague and uncertain upon the matter of any class disposition of the residue of her property. It does not even appear by the face of the instrument that these nephews are the children of the same sister or brother. It does not even appear that they are all of the children of any particular sister or brother. It does not appear but that they are the children of one of the sisters or brothers mentioned in the will. They even may be the children of Ellen Ivers, a sister having a son who was substantially remembered in the will. In view of these conditions it is quite apparent that upon the face of the will alone any disposition of the residue of the estate to a particular class presents a matter of the gravest doubt. It would seem, for these reasons, that the section of the code cited is directly applicable to the case here presented, and that the situation of this testatrix at the time she made the will, viewed in the light of the surrounding circumstances, could be shown by parol under the authority found in the foregoing section. Indeed, the case fits the section right well. In *Estate of Mackay*, 107 Cal. 308, where the proper application of a certain provision of the will was uncertain, the testator's intention in that regard was explained by parol evidence. In that case the court said: "The testator's intention in the clause of the will containing the legacy in question must be ascertained 'from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations.' (Civ. Code, sec. 1318.) The only evidence as to the circumstances under which the will was made, outside of the testator's oral declarations, is to the effect that respondent had been supported by the testator for fourteen years next before his death. . . . . Construing the words of the will, however, in connection with the circumstance that respondent had been supported by the testator for a long period, and was in receipt of such support at the time of the making of the will, we are of opinion that the provision in question created a 'legacy for maintenance.' " It thus appears that, with the assistance of parol evidence offered under the aforesaid section of the Civil Code, a legacy was held to be a "legacy for maintenance."

We have entered somewhat into detail in the foregoing discussion, in view of the conclusion to which we have arrived—namely, the finding of the court that the testatrix intended to give the residue of her estate to these three nephews as a class was based upon a material issue of fact in the case, and unless that finding be successfully attacked here, the appeal cannot stand. But there is no pretense by the record that the finding is not supported by the evidence. Indeed, in view of the absence of any bill of exceptions containing the evidence addressed to an attack upon this particular finding of fact, we feel assured that it must stand, and so standing conclusively points to the judgment.

The decree of distribution is defective in failing to contain any provision as to the three legacies of five dollars each.

For the foregoing reasons the cause is remanded to the trial court, with directions to amend the decree as herein indicated, and that thereupon it stand affirmed, without costs to appellant.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.