In the Matter of the Accounting of EUPHEMIA D. RUSSELL et al., as Executors of JAMES RUSSELL, Deceased, Appellants.

EUPHEIMA D. RUSSELL, Individually, et al., Appellants.

JAMES K. BLACK, as Ancillary Administrator of ELIZABETH D. BLACK, Deceased, Respondent.

WILL — WHEN BEQUEST IS TO INDIVIDUALS AS TENANTS IN COMMON AND NOT TO A CLASS. When there is a gift to widow and children expressed in general terms they will take distributively unless it appears clearly from some provision of the will that the testator intended that they should take as a class and thus confines his bounty to those only who survive some future event.

*Matter of Russell*, 59 App. Div. 242, affirmed.

(Argued June 14, 1901· decided October 1, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made March 22, 1901, which affirmed a decree of the Surrogate's Court of Westchester county settling the accounts of the executors of the will of James Russell, deceased, and directing distribution.

The proceeding involved the construction of the residuary clause of the will of said James Russell, who died in the month of January, 1888. That part of the will which is the subject of this controversy reads as follows :

"*Sixth.* All the rest, residue and remainder of my personal estate and the net proceeds of the sales of the rest, residue and remainder of my real estate owned by me individually or with my copartner Edward Tracy or others I give, devise and bequeath to my wife and my children, to be divided equally between them share and share alike, that is to say, to my wife one share, to each child an equal share with my wife.

"Should any of my children have died leaving lawful issue, such deceased child's share to be given to such issue.

"*Seventh.* For the purpose of such distribution of my estate

among my wife and children I fully authorize and empower my executors and executrix hereinafter named or such of them as shall qualify and the survivors or survivor of them to sell and dispose of any and all my real estate at public or private sale at such time or times within a lawful period and on such terms as they shall deem most advantageous to my estate, and to execute and deliver to the purchaser or purchasers thereof good and sufficient deeds of conveyance thereof, and to do each and every act and thing lawful and necessary for them to carry out and complete said sales.

"I also authorize my executrix and executors hereinafter named to invest and reinvest the moneys of my estate until its distribution, such investments to be on improved real estate in the city of New York or bonds of the United States Government or New York state or city bonds.

"The net income of my estate until its distribution I direct to be divided equally between my wife and children, share and share alike.

"Having from my long acquaintance and association in business with my copartner Edward Tracy a high opinion of his experience, integrity and judgment, I would recommend to my other executors to listen and give great weight to his suggestions and advice in the sale and disposition of my real estate, particularly in the sale of the property owned by the firm of Tracy and Russell."

The deceased left him surviving his widow and five children. Elizabeth D. Russell, one of the children, married James K. Black, the petitioner, on the 28th day of January, 1891, and died at Belfast, Ireland, on the 9th day of December, 1892, without issue and intestate. The present controversy involves the disposition which should be made of her share of the residuary estate. Ancillary letters of administration were issued to her husband in this state and he instituted these proceedings for an accounting, claiming that the distributive share of the residuary estate given by the will to his deceased wife should be paid to him as her husband and personal representative.

*John F. Dillon* and *Edward H. Westerfield* for appellants. The legal effect of the provisions of testator's will as to his residuary real estate is to vest, at his death, a right in his wife and in each of his children then living to an equal share in the proceeds of the sale or sales of such real estate when such proceeds come into existence by such sales, subject to be defeated as to the wife or any child by the death of such wife or child prior to such sale. (*Moore* v. *Littel*, 41 N. Y. 66 ; *House* v. *Jackson*, 50 N. Y. 161 ; *Hennessy* v. *Patterson*, 85 N. Y. 91 ; *Vanderzee* v. *Slingerland*, 103 N. Y. 47 ; *Matter of Baer* v. *Hendricks*, 147 N. Y. 348 ; *Robert* v. *Corning*, 89 N. Y. 225 ; *Matter of Smith*, 131 N. Y. 248 ; *Wood* v. *Mitcham*, 92 N. Y. 375 ; *Quinn* v. *Hardenbrook*, 54 N. Y. 83 ; *Stevenson* v. *Lesley*, 70 N. Y. 512.) The decree of the surrogate and the judgment of the Appellate Division affirming the same are in conflict with the general testamentary rule as to personal estate, and especially since the disposition is to a class. (*Teed* v. *Morton*, 60 N. Y. 502 ; *Kilpatrick* v. *Barron*, 125 N. Y. 751 ; *Matter of Baer* v. *Hendricks*, 147 N. Y. 348 ; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125 ; *Matter of Smith*, 131 N. Y. 247 ; *Matter of Crane*, 164 N. Y. 71.)

*Samuel Phillips Savage* for respondent. Under the testator's will there is an equitable conversion of all his real estate into personal property as of the time of his death. (*Stagg* v. *Jackson*, 1 N. Y. 206 ; *Manice* v *Manice*, 43 N. Y. 303 ; *Fisher* v. *Banta*, 66 N. Y. 477 ; *Power* v. *Cassidy*, 79 N. Y. 602 ; *Hood* v. *Hood*, 85 N. Y. 561 ; *Morse* v. *Morse*, 85 N. Y. 53 ; *Asche* v. *Asche*, 113 N. Y. 232 ; *Fraser* v. *Trustees Gen. Assembly U. P. C.*, 124 N. Y. 479 ; *Underwood* v. *Curtis*, 127 N. Y. 523.) Where real estate is equitably converted by a testator the law assumes such conversion to have been made for the purpose of determining not only its character, but the rights of parties to it. (*Horton* v. *McCoy*, 47 N. Y. 21 ; *Fisher* v. *Banta*, 66 N. Y. 468 ; *Hope* v. *Brewer*, 136 N. Y. 126.) This property was not reconverted into real estate during the lifetime of Mrs. Black. (*McDon-*

*ald* v. *O'Hara*, 144 N. Y. 566.) It is · an old and well-settled rule of law that such a construction will be given to a will, if possible, as to cause the vesting · of the estate. (1 Jarman on Wills, ch. 25, 756; *Stokes* v. *Weston*, 142 N. Y. 433; *Matter of Tienken*, 131 N. Y. 406.) A husband is entitled to the personal property of his deceased wife in the event of her death without leaving descendants, not only by virtue of his right to administer but also by virtue of his marital rights. (*Robins* v. *McClure*, 100 N. Y. 328; Redfield on Surrogates [5th ed.], 676; 2 Thomas on Estates, 1685; Remsen on Intestate Succession [3d ed.], 37; *Barnes* v. *Underwood*, 47 N. Y. 351; *Matter of Harvey*, 3 Redf. 214; *Matter of McLeod*, 32 Misc. Rep. 229; Code Civ. ·Pro. §§ 2699, 2700; Redfield on Wills [3d ed.], chap. 9, § 2; *Public Adm.* v. *Hughes*, 1 Bradf. 125; *Bloomer* v. *Bloomer*, 2 Redf. 339; *Minor* v. *Jones*, 2 Redf. 289.) This is not a case where division is to be made in the future among a class whose members can only be determined when the time for distribution arrives. (*Matter of Baer* v. *Hendricks*, 147 N. Y. 348; *Matter of Crane*, 164 N. Y. 71; *Matter of Brown*, 541 N. Y. 326; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Livingston* v. *Greene*, 52 N. Y. 118; *Washbon* v. *Cope*, 144 N. Y. 287; *Quackenbos* v. *Kingsland*, 102 N. Y. 128; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Matter of N. Y., L. & W. R. Co.*, 105 N. Y. 89; *Goebel* v. *Wolf*, 113 N. Y. 405.)

O'BRIEN, J. The provisions of the will of James Russell, disposing of his residuary estate, suggest several questions that need not be discussed, since counsel on both sides are in entire accord with respect to their proper legal solution. A statement of the questions and points as to which they agree will, however, tend to place the question with respect to which they differ in a clearer light. If I have correctly comprehended the arguments of counsel they agree upon the following propositions that are involved in the case:

(1) That, under the terms of the will, there is an equitable conversion of real into personal estate, and the ·gift is a gift

of personal property, subject to the operation of the rules of law governing the devolution of personal property.

(2) That the interest of the widow and each child vested upon the death of the testator.

(3) That the title to the residuary real estate descended to the heirs at law, subject to the execution of the power of sale in the will.

(4) The will contemplates a division and distribution of the proceeds of real estate directed to be sold and converted into money at some future time, depending upon the reasonable discretion of the executors.

We see no reason to dissent from any of these propositions. They are sustained by abundant authority, and assuming them to be reasonable in themselves and sound in point of law, we may proceed to examine the important question with respect to which there is a radical difference of views between counsel. The courts below have determined that the husband was entitled to the distributive share of the residuary estate which his wife would be entitled to receive if living at the time of distribution. The learned counsel for the executors, who have appealed from that decision, contends very earnestly that the share of the deceased daughter passed upon her death to the surviving members of her family, that is, to the widow and the four children who survived.

The fundamental proposition upon which he has constructed a very able argument is that the gift contained in the residuary clause of the will was not to the widow and children distributively or as tenants in common, but collectively and as a class which was subject to be changed by the death of the members of the class before the time for distribution arrived, and that the daughter, having died before that time, had no interest in the fund which could pass to her husband or was transmissible. On the other hand, the counsel for the husband contends that the widow and children took the residuary estate under the will distributively and as tenants in common in equal shares which vested in them upon the death of the testator, and the interest of each was from that time alienable and transmissible.

It should be observed here that the learned counsel for the appellants admits that the interests of the widow and children vested upon the testator's death, but was subject to be divested and changed by the death of any of them and the consequent diminution of the class which he contends took the fund collectively. Thus it will be seen that his entire argument rests upon the proposition that the gift is to a class and not to individuals distributively. If correct in his premises his conclusion must necessarily follow.

Whether a devise or bequest in a will is to a classs or to the individuals as tenants in common must depend upon the language employed by the testator in making the gift. All the provisions of the will may be consulted and sometimes aid may be sought from the situation and relation of the parties. In this case there is nothing in the will, outside of the residuary clause itself, that throws any light on the question. I have not been able to find in any of the adjudged cases any attempt to define or formulate with much accuracy the language or circumstances necessary to constitute a gift to a class. Perhaps from the nature of the question it is impossible to lay down any general rule or to do more than to determine every case upon its own facts and to construe every will with reference to the language employed by the testator and the surrounding circumstances. The language and the circumstances are so seldom identical that it is not often that one case can be determined upon the authority of some other case or class of cases.

But there are some principles and canons of construction recognized by all the authorities which when applied to the particular case will ordinarily enable the courts to arrive at a reasonable and just conclusion. When stated and applied to this case it will be seen that there will be little difficulty in determining the nature and character of the gift to the testator's widow and children, whether collectively as a class, or distributively as tenants in common. A gift to a class has been defined by a recent decision of this court to be a gift of an aggregate sum to a body of persons uncertain in number at

the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the actual number. (*Matter of Kimberly*, 150 N. Y. 90.)

At the time the gift in this case vested, there was no uncertainty with respect to the number of the donees or the amount of each share, and it is difficult to see how the value or amount of the shares was in any way dependent upon the number of the beneficiaries who might survive the time of actual distribution.

The rules of law applicable to grants or devises of real property to two or more persons apply to dispositions of personal property as well. (*Mills* v. *Husson*, 140 N. Y. 99 ; *Matter of Kimberly*, *supra*.) It is declared by statute that every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common unless expressly declared to be a joint tenancy. (Real Prop. Law, § 56.) It is quite certain that there is no clear language in this will importing a gift to a class. That must be made out, if at all, by construction.

The law not only favors the vesting of estates but such a construction of a will as will avoid the disinheritance of children who happen to die before the time of distribution. (*Moore* v. *Lyons*, 25 Wend. 119 ; *Connelly* v. *O'Brien*, 166 N. Y. 406 ; *Matter of Brown*, 93 N. Y. 295 ; Thomas on Estates by Will, vol. 1, 282.)

The reason of this rule and the effect of the principle is said to be that all property which is the subject of any disposition, whether testamentary or otherwise, will belong to the object of the gift immediately on the instrument taking effect or so soon afterwards as the object comes into existence or the terms thereof will permit. (Jarman on Wills, ch. 25, 756.) The absolute ownership of the subject of the gift, which includes the power of disposition, will vest immediately in the donee unless the instrument provides otherwise.

Applying these principles of construction to the will in this case, it will, I think, be impossible to hold that the gift was to

a class and not to the widow and five children distributively as tenants in common. When a devise or bequest is made direct to wife and children, in the absence of clear language indicating a gift to them as a body or a class, it should be held that they take individually as tenants in common and that their interest does not depend upon survivorship. (*Savage* v. *Burnham*, 17 N. Y. 561; *Delafield* v. *Shipman*, 103 N. Y. 463; *Matter of Young*, 145 N. Y. 535; *Matter of Seebeck*, 140 N. Y. 241; *Matter of Tienken*, 131 N. Y. 391; *Moffett* v. *Elmendorf*, 152 N. Y. 475; Thomas on Estates by Will, vol. 2, 1428, and cases cited; Wagram on Wills, ch. 23, 288; Williams on Ex. 1320.) If the gift in this case was to the widow and children *nominatim*, it would not then be claimed that they took as a class, and yet the mere fact that the testator omits to designate his children by name is ordinarily a circumstance of little importance in any inquiry as to the legal nature and character of the gift. That circumstance may sometimes be considered with other provisions of the will in which the language indicates an intention to make the gift to a class. But when the testator groups together the objects of his bounty and describes them as in the will in question by the use of the words " wife and children," that circumstance alone cannot change the nature of the gift. In so far as this case depends upon the language of the will it must, I think, be held that the widow and children took an absolute vested interest in their respective shares of the residuary estate upon the testator's death, and that such interest was alienable and transmissible like other personal property.

The argument of the learned counsel for the appellants is based very largely upon considerations which he contends are apparent from the whole will. He urges with great force that the construction given to the will by the courts below is contrary to the intention of the testator, since his purpose was to vest his property in his own family and give it to persons of his own blood and lineage; that he could not have intended to convert all of his lands, constituting the bulk of his estate, into personalty, and that the husband of a deceased childless

minor daughter should take all of her share at the distribu-
tion, made after her death, at the expense of his own children
and their mother. Arguments of this character are always
persuasive, and when the will is open to construction fre-
quently controlling, since the moral element in any contro-
versy concerning the distribution of property after death
commands attention, but we fail to find any room for its
application to this case. It is probably true, as the learned
counsel suggests, that the testator never thought that so large
a portion of his estate should go to a stranger that he never
knew and had never seen, and it is quite likely that if the
event which has happened could have been foreseen or antici-
pated by him he would have provided against it by some
express provision in the will. Any scheme for the devolution
of property after death is liable to be affected by unforeseen
events such as marriages and deaths. Hence we should not
impute to the words of the testator a meaning derived from a
process of looking backwards. We should not attempt to give
to his will an artificial construction which would disinherit
one of the children who died before distribution in order to
prevent her share from falling into the hands of her husband.
When we speak of the testator's intentions we do not neces-
sarily refer to some thought or purpose that was actually in
his mind. We are now dealing with a will in which the lan-
guage is clear, and we should impute to the disposing words
the meaning which they naturally bear and not some meaning
based upon unforeseen events happening after the testator's
death. (*Johnson* v. *Brasington*, 156 N. Y. 185.) It is quite
certain that the testator intended to give one-sixth of the
residuary estate to this deceased daughter, who was about six-
teen years of age when her father died. It is reasonable to
assume that the testator, as a reasonable man, when making
the gift contemplated the possible marriage of his daughter
and that the property which was the subject of the gift would
be affected by the law governing that relation. That is simply
what has happened and what has brought a person who was a
stranger to the testator within the scope and range of his

12

bounty. While this result may not have been in the mind of the testator when he made the will, yet it is but the natural legal consequence of the disposition which he made and which the courts are not at liberty to avoid on the arbitrary assumption that the testator did not intend it.

If the deceased daughter had transferred her interest in the fund before her death by deed or assignment to her mother, or to one of her brothers or sisters, or had disposed of it by will in favor of either, then the argument of the learned counsel for the appellant, based upon the intention of the testator to transmit the property only to his own descendants, would be shorn of much of its moral power, and yet the legal aspects of the case would be precisely the same then as now, since the daughter could not dispose of what she did not own, and she would have nothing to convey or dispose of if the gift was to a class. There is no restriction in the will to prevent any of the daughters, after the gift vested, from disposing of her share by will in favor of her husband in the event of her marriage. In this case there was no will or transfer, but, as the wife died intestate and without issue after the gift vested, the rights of the husband intervened and he took the share of his wife either as her personal representative or *jure mariti*. (*Robins* v. *McClure*, 100 N. Y. 328.)

Considerable emphasis has been placed upon another clause of the will as indicating the testator's purpose to limit the distribution of this fund to such of his descendants as should be living at the time of the distribution. He directed that in case any of his children should die, leaving lawful issue, such deceased child's share was to be given to such issue. We do not perceive that this provision is in any degree inconsistent with an intention to make the gift to the widow and children distributively and as tenants in common, nor can we see how it tends to prove that the gift was to a class collectively.

Moreover, we think that, under settled rules of construction, the death there referred to was a death of one of the children in the testator's lifetime. (*Stevenson* v. *Lesley*, 70 N. Y. 512; *Livingston* v. *Greene*, 52 N. Y. 118; *Washbon* v. *Cope*,

144 N. Y. 287; *Miller* v. *Gilbert*, 144 N. Y. 68; *Stokes* v. *Weston*, 142 N. Y. 433; *Matter of Tienken*, 131 N. Y. 391; *Goebel* v. *Wolf*, 113 N. Y. 405; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Quackenbos* v. *Kingsland*, 102 N. Y. 128.) This rule yields only to clear language in the instrument indicating that the testator referred to a death at some other time. The testator also indicated that the net income of his estate until distribution be divided equally between his wife and children share and share alike. It is quite true, as the learned counsel for the appellants has observed, that this clause was unnecessary if the testator intended to give the *corpus* absolutely, since the income would, as matter of course, follow the *corpus*, but the construction of the will is not changed by unnecessary provisions inserted from abundant caution. It is quite clear that these words were not used to indicate a gift to a class. If such was the intention of the testator he would undoubtedly have expressed himself in some clearer and more direct way. When a testator intends to confine the gift to a class, to be ascertained at a future time, his purpose may be so easily accomplished by the use of a few clear and simple words that courts are not warranted, in the absence of such language, in giving to his dispositions of property an exceptional legal character. The general rule is, that when there is a gift to widow and children expressed in general terms, they will take distributively unless it appears clearly from some provision of the will that the testator intended that they should take as a class and thus confines his bounty to those only who survive some future event. There is no such limitation in the will in question, and so, we think, the order appealed from must be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, LANDON and CULLEN, JJ., concur.

Order affirmed.