[S. F. No. 5137. Department Two.—December 24, 1909.]

In the Matter of the Estate of DENIS B. MURPHY, Deceased. TIMOTHY J. FLYNN et al., Executors etc., Respondents; KATHERINE MURPHY et al., Appellants.

WILL—GIFT TO CLASS—DEATH OF ONE OF CLASS BEFORE TESTATOR—LAPSE.—Where a will makes a gift to a class, the death of one of the class prior to the death of the testator does not have the effect of causing the legacy to lapse, but those of the class who survive the testator take the whole legacy.

ID.—GIFT TO A CLASS DEFINED.—A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the ultimate number.

ID.—RULES OF CONSTRUCTION—NAMING OF DEVISEES—PARTICULARIZATION OF SHARES.—In determining whether a devise is to a class or to individuals great importance is attached to the fact that the gift is to the devisees *nominatim,* and that the particular share they shall each receive is mentioned, and when this appears the bequest is held to constitute a gift and devise individually as tenants in common and not as a devise to a class.

ID.—DEVISEES WHEN TAKING AS INDIVIDUALS—TENANTS IN COMMON.—If words, which, standing alone, would be effectual to create a class, are followed by equally operative words of devise to devisees by name and in definite proportions, the law infers from the designation by name and mention of the share each is to take, that the devisees are to take individually and as tenants in common, and that the descriptive portion of the clause is intended merely as matter of identification.

ID.—INTENTION OF TESTATOR CONTROLLING — EVIDENCE OF EXTRINSIC CIRCUMSTANCES.—The foregoing rules of construction are not absolute, but must give way to the manifest intention of the testator, to be gathered from a consideration of all the provisions of the will, or when the language of the will is not sufficiently clear to remove all doubt as to its intention, by a consideration of the circumstances surrounding the making of it (exclusive of the oral declarations of the testator), in so far as they may throw light on that intention.

ID.—RESIDUARY BEQUESTS TO CHILDREN OF SISTER—NAMING OF NEPHEWS AND NIECES—DESIGNATION OF SHARES OF EACH.—In the absence of a contrary intention shown in other parts of a will, or by extraneous circumstances, a residuary clause directing that the balance of the testator's property "shall go to, and be equally divided among the four children of my late sister Catherine F. Flynn,

deceased; that is to say: I give, devise and bequeath all the rest
of my personal property and all my real estate, . . . share and
share alike, to Timothy J. Flynn, William D. Flynn, Mary Jane
Logan and Kate I. Prendergast," is not a gift of the residuum to
such children as a class, or in joint tenancy, or in any other way
than as individuals taking as tenants in common; and upon the
death of one of such children, before the testator, without leaving
lineal descendants, as to the share so devised to him the testator died
intestate.

ID.—RULE AGAINST INTESTACY.—The canon of construction, that such an
interpretation should be given to a will as will prevent intestacy as to
any portion of the testator's estate, cannot be invoked in aid of
a construction which could properly hold such clause to be a gift
to a class.

ID.—EXTRINSIC EVIDENCE OF TESTATOR'S FRIENDSHIP FOR DEVISEES.—
The intention of the testator, as so construed, is not affected by
extrinsic evidence that he had lived with his sister, the mother of the
devisees mentioned, and who constituted all of her children, from
their childhood up to the death of their mother; that he had a great
affection for them and took a great interest in their welfare, and
that he had other nieces and nephews not mentioned in the will.

APPEAL from a decree of the Superior Court of the City
and County of San Francisco distributing the estate of a de-
cedent.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Théo. J. Roche, for Appellants.

Mastick & Partridge, and E. J. Mize, for Respondents.

. LORIGAN, J.—The will of Denis B. Murphy contained,
among other provisions, the following residuary clause:—

"Fourth.   It is my will and desire that all the rest of my
property both real estate and personal property shall go to,
and be equally divided among the four children of my late
sister Catherine F. Flynn, deceased; that is to say: I give,
devise and bequeath all the rest of my personal property and
all my real estate of whatsoever kind and wheresover situate,
share and share alike, to Timothy J. Flynn, William D. Flynn,
Mary Jane Logan and Kate I. Prendergast."

The will was admitted to probate and in due time the
executors thereof petitioned for a distribution of the estate.
The petition set forth the will of deceased and referring to

the clause thereof above quoted alleged that William D. Flynn, named therein as one of the residuary legatees of the estate of decedent, had died prior to the death of the testator, and then with reference to said clause in the will it was alleged: "That the intention of said decedent in said will was to devise and bequeath the residue of his estate to the said Timothy J. Flynn, William D. Flynn, Mary Jane Logan and Kate I. Prendergast as a class, namely, as the children of his said sister, and to those of said class only who should be living at the death of the said decedent, and upon the death of the said William D. Flynn during the life of the said decedent, the said Timothy J. Flynn, Mary Jane Logan and Kate I. Prendergast became and are the sole survivors of said class, and are entitled to the whole of said residue."

Certain nieces and nephews of the deceased, claiming to be among his heirs at law, answered the petition for distribution denying all the foregoing allegations as to the intent of the testator to devise the residue of his estate to the devisees named in said fourth clause as a class, and averring that on the contrary said William D. Flynn, named in said will, as a devisee, died prior to the death of the testator without issue; that as to the portion of his estate devised to said William D. Flynn the testator died intestate, and that they, with other heirs at law of the testator, were entitled to participate in the distribution thereof. A hearing was had on the petition and the court made findings of fact wherein it found, as alleged in the petition for distribution, that the intention of the decedent was to devise the residue of his estate to the devisees named in said fourth clause of his will as a class, namely, to the children of his said sister and to those of said class who would be living at the death of said decedent.

In accordance with this finding the court distributed the property to the survivors of those mentioned in the residuary clause of the will, namely, Timothy J. Flynn, Mary J. Hyde (formerly Logan), and Kate I. Prendergast, share and share alike.

This appeal is by those heirs at law of decedent—the nieces and nephews—who contested the distribution of the estate to the devisees named in the residuary clause as a class and is taken from the decree of distribution accompanied by a bill of exceptions.

It must be conceded upon this appeal that under the testamentary clause in question the devise to William D. Flynn lapsed upon his death without leaving lineal descendants, before the testator (Civ. Code, sec. 1343), and that as to the portion of the estate devised to him the testator died intestate, unless from the clause in the will creating the devise in which he was to participate, considered by itself, it is apparent that the testator intended the devise of the residue of his estate to go to the children of his sister Catherine as a class, or that such intention appears from extraneous evidence properly admissible to disclose it.

While the lower court reached the conclusion that the devise in question was to a class consisting of the children of the deceased sister of testator who might survive him, we are of the opinion, in the light of the established rules of construction and authorities, that this conclusion was not justified either from the express terms of the devise itself or aided by extrinsic evidence.

It is declared by section 683 of the Civil Code that a joint interest created by a will exists only "when expressly declared in the will . . . to be a joint tenancy," and by section 685 of the same code it is declared that every interest created in favor of several persons (except acquired under certain conditions not involved here) is an interest in common unless declared in its creation to be a joint interest.

It is quite apparent from an examination of the testamentary clause in question that this devise does not expressly declare a joint tenancy with its accompanying right of survivorship in the devisees named therein, and unless there is some rule capable of application so as to prevent it, the interest which each devisee took under the devise was an interest in common.

It is not contended by the respondents that the clause does create any joint tenancy, nor do they predicate their right to take the whole devise as survivors by reason of any expressly created joint tenancy. They base their claim solely on the ground that the devise, while not in terms creating a joint tenancy, still is a devise to a class—the children of the deceased sister of testator—and that under a well-recognized rule of law where a devise is made to a class, the death of one of the class prior to the death of the testator does not have

the effect of causing the legacy to lapse, but those of the class who survive the testator take the whole devise.

The rule contended for by respondents is correct, but we cannot agree with them, or with the trial court, in the conclusion that either the terms of the devise disclose an intention on the part of the testator to devise to a class, or that, accepting the extraneous testimony admitted as bearing on his intention, it discloses any such intention.

As to a gift to a class the rule is stated as follows: "In legal contemplation a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the ultimate number." (6 Jarman on Wills, sec. 232; *Matter of Kimberly*, 150 N. Y. 90, [44 N. E. 945] *Matter of Russell*, 168 N. Y. 169, [61 N. E. 166]; *Kent* v. *Kent*, 106 Va. 199, [55 S. E. 564].)

Tested under this rule there is nothing in the devise which would indicate that the intention of the testator was that the devisees should take as a class, or in any other way than as individuals, and under our code provision as tenants in common. There is nothing on the face of the devise indicating any uncertainty in the number of persons who were to take the property, or that they were to be ascertained at a future time, or that the share of the residuary estate which the devisees were ultimately to have was to be determined as to the amount by the number of those who would survive the testator. All the persons who are to take were specifically named and the share of each was designated. In fact, it is not only quite apparent that under the rule relied on, this devise cannot be said to contain any of the elements which should characterize a gift to a class, but the plain impression which one would receive by reading the clause is that the testator intended to give to each individual an equal portion of his estate. It is true that the testator uses language in the clause of his will which would, if it stood alone, amount to a devise to a class. This would be the result if the devise had been to "the four children of my late sister Catherine" without further words. But here the terms of the bequest—the designation of the number of the children, followed by a

repeated and express devise to them by name and in an equal share, cannot be ignored so as to make the other words in the will constitute a class.

In determining whether a devise is to a class or to individuals great importance is attached in the solution of the question to the fact that the gift is to the devisees *nominatim* and that the particular share they shall each receive is mentioned, and when this appears the bequest is held to constitute a gift and devise individually as tenants in common and not as a devise to a class. (*Savage* v. *Burnham*, 17 N. Y. 561; *Hornberger* v. *Miller*, 28 App. Div. 199, [50 N. Y. Supp. 1085]; *Rockwell* v. *Bradshaw*, 67 Conn. 8, [34 Atl. 758].) But assuming, however, that the language used in the clause in question is capable of two different legal meanings resulting from the testator devising his estate to the four children of his late sister, followed by other words of express devise to each of the children by name and in equal proportions, still this mention of them by name and a devise to them in equal shares will control the description of them as children of his deceased sister. If words, which, standing alone, would be effectual to create a class, are followed by equally operative words of devise to devisees by name and in definite proportions, the law infers from the designation by name and mention of the share each is to take, that the devisees are to take individually and as tenants in common and that the descriptive portion of the clause (children of a deceased sister) is intended merely as matter of identification. (*Hoppock* v. *Tucker*, 59 N. Y. 202; *Hornberger* v. *Miller*, 28 App. Div. 199, [50 N. Y. Supp. 1085].)

In the *Estate of Hittell*, 141 Cal. 432, [75 Pac. 53], which was a case similar in some respects to the one at bar, the devise there in question was of the testator's property "to Anna P. Greer and Mary M. Greer, with whom I live at this house . . . , and whom I regard and treat as my adopted daughters." It was contended that this was a devise to a class, and the lower court so decreed. In reversing the decree this court discussed the rule of construction which we have been considering and said: "A common instance of a devise to a class is where a testator gives property, generally to the 'children' of a certain person, without naming them—as to 'the children of my brother John'; and in such a case it is held that the

devise is to such children of John as will be in existence at the
time of the testator's death.    There are cases where in the
devise the individuals and the class are both named—as, for
instance, where it is 'Charles, James, and Robert, children of
my brother John,'—and in such cases courts have had some
difficulty in determining whether the devise was to the indi-
viduals named or to the class.    In such a case, the general
rule is, that the persons named take as individuals and not
as a class, unless some other clause of the will, or some evi-
dence outside of it calls for a different construction.    The
result of the authorities—and counsel for each side have
cited a large number of them—is correctly stated in Page
on Wills (sec. 543) as follows: 'Where there is a gift to a
number of persons who are indicated by name, and also fur-
ther described by reference to the class to which they belong,
the gift is held *prima facie* to be a distributive gift and not
a gift to a class'; and, after citations in his notes, he says:
'In such cases if one of the beneficiaries dies before the tes-
tator, there is, therefore, no right of survivorship to the other
named beneficiaries.' . . . Therefore, in the case at bar, even
if a class had been named, the gift would have been to the
individuals, because there is nothing in the other parts of
the will, or in any extrinsic evidence, showing a different
intent, and there are no operative words creating any right
of survivorship."

It is true that these rules of construction are not absolute,
but must give way to the manifest intention of the testator,
which is always paramount, as that intention may be gathered
from a consideration of all provisions of the will, or when the
language of the will is not sufficiently clear to remove all
doubt as to its intention, by a consideration of the circum-
stances surrounding the making of it (exclusive of the oral
declarations of the testator) in so far as they may throw light
on that intention.    (Civ. Code, sec. 1318; *Estate of Langdon*,
129 Cal. 451, [62 Pac. 73].)

It is not pretended that there are any other provisions of
the will bearing on the subject, and the only circumstances
appearing from the extrinsic evidence are that the testator
had lived with his sister, the mother of the devisees mentioned
in the clause of the will in question, and who constituted all
her children; that he had lived with this sister, paying for

room and board, from the childhood of said devisees up to the death of their mother; that he had a deep affection for these four children and took great interest in them and in their welfare. Also, that he had other nieces and nephews not mentioned in his will. But these facts throw no more light on the intention of the testator than appears upon the face of the devise itself. All that this evidence discloses is just what the clause of the will does. It furnishes a reason, generally, why the testator devised his estate to these four devisees in preference to his other nieces and nephews, and a particular reason, why, having an equal affection for all of them, he made no distinction between them in his bequest, but gave to each an equal share in his estate. Giving this evidence the greatest force that can be claimed for it, it discloses, at most, that the intention of the testator was just as compatible with the devise to these children individually as to them as a class. But this cannot aid the respondents. It would simply leave the intention of the testator as much in doubt after a consideration of these intrinsic facts as before. This evidence throws no more light on the intention of the testator than appears upon the face of the devise itself, and so we are still remitted to the application of the general rule that when in a devise a class and individuals are both mentioned and nothing appears from other clauses of the will or extraneous evidence requiring a different construction, the devise will be construed as one to devisees individually and not to them collectively—to them as tenants in common and not to them as survivors of a class.

Nor is the claim of respondents that the devise should be held to be one to a class strengthened by invoking the canon of construction that such an interpretation should be given to a will as will prevent intestacy as to any portion of the testator's estate. The code provides that where a devisee dies before the testator the devise to him lapses unless an intention appears on the face of the will to substitute some other person in his place. So that the question presented here is not: Did the testator by the terms of his will intend to prevent intestacy as to any portion of his estate, but whether in the terms of this particular clause of his will did he use language disclosing an intention to leave his estate to the devisees individually or to them collectively? The question

is one of intention to be derived from the language used in
the devising clause itself, there being nothing in other pro-
visions of the will bearing on it.  By the clause in question,
the testator undoubtedly intended when he made his will to
dispose of all the residue of his property and to dispose of
it in favor of the devisees therein named, because he expressly
said so.  The language, however, which he used, naming the
devisees individually and giving to each an equal portion of
all the residue of his estate, is construed under well-settled
rules of law to which we have heretofore referred, to be a
devise to the devisees named as individuals and as tenants
in common and not as a class.  The law declares this to be
the meaning of the language which he has used, and a canon
of interpretation applicable to prevent intestacy cannot be
invoked to. set aside plain rules of law declaring the legal
meaning and effect to be given to language used in such a de-
vise as is here under consideration.

In the *Estate of Hittell*, 141 Cal. 436, [75 Pac. 54], from
which we have heretofore quoted, practically the same con-
tention as the one which is urged now was made, and it was
said: "The will was made in view of conditions existing at
the time of its execution; and as he gave all of his property
to the two women, both of them living. of course he intended
at that time and under existing circumstances that his heirs
should take nothing. . . . As in the case of innumerable wills,
the testator did not anticipate changed conditions, and did
not provide for the event of the death during his lifetime of
one of the named devisees, which he could easily have done,
if he so desired, by giving the property to them or to the
survivor of them.  What his actual intent may have been after
the conditions were changed by the death of Mary we have
no means of knowing, except from the fact that he allowed
the will to stand as originally executed.  He may have thought
that one half of his estate would be sufficient for the wants
of the remaining woman.  At all events, we must apply the
law to the will as it reads, and to the fact of the death of
Mary before that of the testator, and thus applying it, the
conclusion clearly follows that the living devisee, Anna, took
one undivided half of the estate, and that the other half vested
in the heirs at law."

In support of their claim that this devise was properly

construed by the trial court as a devise to a class, respondents
rely on *Schaffer* v. *Kettell*, 14 Allen, 528; *Stedman* v. *Priest*,
103 Mass. 293; *Swallow* v. *Swallow*, 166 Mass. 241, [44 N. E.
132]; *Bolles* v. *Smith*, 39 Conn. 217; *Warner's Appeal*, 39
Conn. 253, and *Springer* v. *Congleton*, 30 Ga. 976. But in
none of those cases was any different rule of construction
announced. All of them—save *Bolles* v. *Smith*, and *Swallow*
v. *Swallow*—are commented on in *Church* v. *Church*, 15 R. I.
138, [23 Atl. 302], and with reference to them it is said: "In
these cases, however, the general rule that a gift to persons
named is a gift to them individually, is recognized, and rea-
sons are found in the language or structure of the will, or
in the circumstances, for deciding that the intent of the tes-
tator, which is, of course, paramount to the rule, would be
best subserved by disregarding it." In all these cases, too,
while the gift was to individuals named, language was used
which might imply a gift to them as a class, and as it ap-
peared, either from other parts of the will or from extraneous
facts, that it was the manifest intention of the testator to make
a gift to the devisees named as representing some particular
member or branch of the family as a class, it was held that
the presumption of a devise individually must give way to the
paramount intention of the testator. But here there is noth-
ing in the will or in the extraneous facts to overcome the
presumption of a devise to each of the devisees individually
under the general rule, and, hence, it must apply.

There is nothing further to be said on this subject. We
do not discuss the claim of appellants that the court improp-
erly admitted testimony showing the relationship between the
testator and the devisees when the will was made. It is not
necessary. Assuming it was properly admitted it proved
nothing as to intention more than the devising clause did.
Under the law, that clause must be construed as a devise to
the devisees individually and as tenants in common. By it
each devisee was given one fourth of the residue of the tes-
tator's estate, and had all lived, each would have been entitled
to that proportion on distribution. One of the devisees, Wil-
liam D. Flynn, having died prior to the testator, the devise
of one fourth of the residue of the estate to him lapsed. No
provision being made in the will otherwise disposing of this
portion of his estate, the testator died intestate as to it and

it vested in his heirs at law, and should have been distributed to them and not to the surviving devisees as a class.

The decree of distribution is reversed.

Melvin, J., and Henshaw, J., concurred.

Hearing in Bank denied.