[Civ. No. 5622.   First Appellate District, Division Two.—April 19, 1926.]

In the Matter of the Estate of JOSEPHINE B. WATSON, Deceased.  RUTH LOWRY SALBERG et al., Appellants, v. ELLA COOMBS et al., Respondents.

[1] Wills—Devise to Nieces and Nephews—Death of Devisee During Life of Testator—Succession—Heirs.—In an action under section 1664 of the Code of Civil Procedure to determine heirship and the beneficiaries under a will, where the testatrix devised the residue of the proceeds of her estate to nieces and nephews, the children of a niece who died prior to the execution of the will are not entitled, under sections 1310 and 1337 of the Civil Code, to inherit the portion which their mother would have inherited.

---

(1) 15 C. J., p. 919, n. 1, p. 920, n. 3; 40 Cyc., p. 1453, n. 49, p. 1952, n. 59.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Powers, Ritter & Cowan and William Ellis Lady for Appellants.

John A. Rush, Charles H. Taylor and Cedric E. Johnson for Respondents.

STURTEVANT, J.—Josephine B. Watson, a resident of Los Angeles, died August 6, 1923, and left a holographic will. The will was admitted to probate and thereafter this proceeding was commenced under the provisions of section 1664 of the Code of Civil Procedure, to determine heirship and the beneficiaries under the will. The trial court made and entered its order in favor of the respondents, and Ruth

---

1. "Niece" or "nephew" as including grandniece or grandnephew, see note in Ann. Cas. 1913E, 589. See, also, 26 Cal. Jur. 945.

L. Salberg and Emily K. Eiermann, grandnieces, have appealed from the order.

The appeal presents one point and that is whether grandnieces were included as beneficiaries under the terms of the will. The will, as above stated, was holographic and was as follows:

"April 21, 1923.

"I, Josephine B. Watson, in case of my death, will my husband, S. H. Watson, $10,000, Ten Thousand Dollars—The remainder of my property & means to be sold and the proceeds divided equally among my nieces and nephews—share and share alike including *James A. Tracey* of Broudy Center, Iowa, nephew of my deceased husband—Stephen Green. This is my Last will and wish.''

One of decedent's nieces, Mrs. Lowry, died in 1907, leaving her surviving two daughters, Ruth Salberg and Emily Eiermann, the appellants. The decedent made her will on April 21, 1923, and died on August 6, 1923.

[1] The appellants cite section 1310 of the Civil Code and argue that as their mother was a niece, but is dead, as her descendants they are entitled to inherit the portion which their mother would have inherited. In support of their position they cite many authorities from other jurisdictions. (*Kehl* v. *Taylor*, 275 Ill. 346 [Ann. Cas. 1918D, 948, 114 N. E. 125]; note, 3 A. L. R. 1688.) In reply the respondents cite section 1337 of the Civil Code and argue that as the nephews and nieces constitute a class only those persons will be included who at the testator's death answered the description. In support of that contention respondents cite and rely on *Estate of Hittell*, 141 Cal. 432 [75 Pac. 53], *Estate of Murphy*, 157. Cal. 63 [137 Am. St. Rep. 110, 106 Pac. 230], and *Estate of Willson*, 171 Cal. 449 [153 Pac. 927]. In this connection they also cite authorities from other jurisdictions. (See note, 5 Ann. Cas. 243–245.) The question last presented is one on which the courts in the various jurisdictions do not agree. As will be seen from an examination of the authorities above cited there are well-considered cases that may be cited in favor of the appellants and others that may be cited in favor of the respondents. Among cases of the latter class is the decision

in *Estate of Willson,* 171 Cal. 449 [153 Pac. 927]. This court is controlled by that case.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1926.