In the Matter of the Accounting of HUGH F. MORRISON et al., as Administrators with the Will Annexed of GEORGE H. LUCK, Deceased.

Surrogate's Court, Essex County, December 17, 1947.

*Daniel T. Manning* for petitioners.

*Charles M. Harrington* for creditors.

WICKES, S. In connection with the settlement of the account of the administrators c.t.a. and the account of the successor trustee under the last will and testament of George H. Luck, the court is asked to construe the third paragraph of the decedent's will which reads as follows: " I further direct my executor and Trustee to pay the income from all of my trust estate to my wife Mrs. Kitt Luck, during her natural life, and after her decease to pay the income thereof to my son, George Melvin Luck, until he reaches the age of 35 years when the whole sum shall be paid over to my said son."

The testator died on November 3, 1925. He was survived by his widow, Kitt Luck, and his son, George Melvin Luck. The son, George Melvin Luck, died testate on the 22d day of January, 1939, before reaching the age of thirty-five years. The widow, Kitt V. Luck, died testate on the 17th day of November, 1941.

All the residuary estate of the testator, George H. Luck, is now in the hands of the trustee.

If the remainder of the trust fund established by the third paragraph of decedent's will vested at the time of testator's death in George Melvin Luck, his estate is entitled to this remainder.

If, on the other hand, this remainder was a contingent remainder and did not vest in George Melvin Luck unless he should outlive his mother and reach the age of thirty-five years, the testator died intestate as to the remainder of the trust fund. In that event, two-thirds of the remainder would be an asset of the estate of George Melvin Luck and one-third an asset of the estate of Kitt V. Luck.

The reported cases defining vested and contingent remainders, and distinguishing between them, are many and varied.

It seems inconceivable to me that the testator intended that he should die intestate as to any of his property. A construction resulting in intestacy should, if possible, be avoided. (*Matter of Russell,* 168 N. Y. 169.)

All other rules for the interpretation of wills are subordinate to the requirement that the intention of the testatrix should be sought and given effect when that may lawfully be done. (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 580.)

It is a well-settled principle that the law favors the vesting of estates and unless a contrary intention is unequivocally expressed it will not be imputed. (*Connelly* v. *O'Brien,* 166 N. Y. 406.)

In the case now under consideration, I conclude that the intention of the testator is clear; that he intended the gift of the residuary estate to his son, George Melvin Luck, to vest in him at once and merely postponed the time of payment or enjoyment. The so-called " divide and pay over rule " which might be applied would be destructive of the primary intention of the testator as revealed in his will.

The residuary estate should be paid over by the trustee to the representatives of the estate of George Melvin Luck, deceased.

Submit decree accordingly.