Anthony P. Savarese, S.
Petitioner, as a distributee of one Joseph C. Lupica, deceased, seeks construction of the will of Domenica Paoria wherein a trust was created naming Joseph C. Lupica as remainderman.
Domenica Paoria devised her real estate to a trustee to pay the income thereof to her husband during his life. Testatrix’ husband, who is nearing 90 years of age, is still alive. Joseph C. Lupica, named as remainder of the trust, was some 30 years younger than the life tenant, but died on July 17,1957. Construction of paragraphs “ Fourth ” and “Sixth ” of testatrix’ will is necessary for the purpose of determining whether the remainder to said Joseph C. Lupica was conditioned upon his surviving the life tenant. The paragraphs in question are as follows:
*516 ‘1 Fourth : This trust to terminate upon the death of my said husband and the title to all of my said real estate at that time to vest in the said Joseph C. Lupica absolutely and forever.”
* * *
‘ ‘ Sixth : If during the lifetime of my husband any of my real property is sold * * *, then the surplus is to be invested by my said Executor and the interest thereon to be paid to my said husband during his lifetime as above provided and upon his death the principle to vest absolutely and forever in the said Joseph 0. Lupica.”
The law favors the early vesting of estates and, unless there is a contrary intention unequivocally expressed, it will not be imputed. (Matter of Watson, 262 N. Y. 284.) The instant will contains no such unequivocally expressed intention. The words ‘1 at that time to vest ’ ’ and ‘1 upon his death the principle to vest ” may fairly be construed to postpone possession and enjoyment rather than vesting in interest, particularly where such a construction will prevent partial intestacy as in the instant case.
The court finds that the remainder vested in Joseph 0. Lupica upon the death of the testatrix.
Submit decree, construing the will accordingly, on notice.