Maximilian Moss, S.
In this proceeding- for the judicial settlement of trustee’s final account, a construction is sought of the will’s “fourth” clause to determine the manner of distribution of the corpus of the trust fund held thereunder.
*523 By the terms of the will’s second clause, the testator gave his wife the income for life of his residuary estate. Upon his wife’s death, 10% of the remaining residuary estate was bequeathed to a charity named therein. Under paragraph 11 fourth ’ ’ testator provided that the remaining 90% was to be held by the trustee to pay the income ‘ ‘ in equal monthly payments to each of my then surviving children until the youngest shall attain the age of 21 years, at which time the said trust shall terminate and cease, and the principal with accrued interest shall be divided among my then surviving children, share and share alike.”
The testator died November 18,1922. He was survived by his widow, Hannah Kornblum, who died on September 17, 1959, and by six infant children. One of these children, Loretta G-oldkind, died on March 26, 1959 at the age of 43 years survived by a spouse and two infant children. The trustee is uncertain as to the manner of distribution of the trust corpus and whether the issue of Loretta Goldkind are to take their parent’s share.
The prime consideration of the court is to ascertain the intention of the testator as expressed in the will. If the testator’s intention is not clear then it “must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed ” (Matter of Fabbri, 2 N Y 2d 236, 240; Matter of Gautier, 3 N Y 2d 502, 509; Matter of Larkin, 9 N Y 2d 88). The dominant purpose or plan of distribution is apparent. No undue emphasis was intended by the use of the adverb “then”, it being contemplated that the enjoyment of the interests bequeathed to his children was merely postponed during the minority of the youngest child (Connelly v. O’Brien, 166 N. Y. 406; Matter of Krooss, 302 N. Y. 424) and when the said child attained the age of 21 years survivorship ceased to be a condition. To hold otherwise would ignore principles of construction which favor vesting of estates at the earliest possible moment (Matter of Krooss, supra; Matter of Ossman v. Von Roemer, 221 N. Y. 381, 387; Matter of Campbell, 307 N. Y. 29) and the disinheritance of children who die before the termination of an intervening life estate (Matter of Russell, 168 N. Y. 169, 175; Connelly v. O’Brien, supra, p. 408; Matter of Paoria, 14 Misc 2d 515). The court therefore determines that Loretta Goldkind was vested with a one-sixth interest in the corpus of the trust created under article “ fourth ” of the will. The will is construed accordingly.