In the Matter of the Appraisal under the Transfer Tax Act of the Property of MARIA E. GREEN, Deceased.

CLARK WILLIAMS, as Comptroller of the State of New York, Appellant; CHARLES G. GREEN, as Administrator, etc., of MARIA E. GREEN, Deceased, Respondent.

Second Department, April 21, 1911.

Tax — transfer tax — death of wife leaving husband but no descendants.

The personal estate of a woman, a resident of this State, who dies intestate leaving a husband and no descendants is not subject to a transfer tax.

Such property devolves upon the husband by virtue of the marriage, by the common law and the death of the wife intestate without descendants, and is not transferred to him " by the intestate laws " within the meaning of section 220 of the Tax Law.

APPEAL by Clark Williams, as Comptroller of the State of New York, from an order of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 12th day of May, 1910, reversing an order of said court theretofore made herein and adjudging the estate of the decedent to be exempt from a transfer tax.

*William W. Wingate,* for the appellant.

*William Murray* [*Louis F. Reed* with him on the brief], for the respondent.

HIRSCHBERG, J.:

Maria E. Green died January 3, 1908. The question presented by this appeal is whether the personal estate of a woman, a resident of the State, who dies intestate, leaving a husband and no descendants, is subject to the transfer tax. In other words, does the estate devolve upon the husband by virtue of the marriage, the common law, and the death of the wife intestate, without descendants and without having disposed of the property during her life, or is the estate transferred to him by the intestate laws?

By section 220 of the Tax Law (Gen. Laws, chap. 24 [Laws of 1896, chap. 908], as amd. by Laws of 1905, chap. 368; since amd. by Laws of 1908, chap. 310, and revised by Consol. Laws, chap. 60 [Laws of 1909, chap. 62], as amd. by Laws of 1910, chap. 706) it is provided that "A tax shall be and is hereby imposed upon the transfer of any property, real or personal, * * *: 1. When the transfer is by will or by the intestate laws of this State from any person dying seized or possessed of the property while a resident of the State." The appellant's contention is that the words "the intestate laws of this State" should be construed to include all the statutory provisions concerning the administration and distribution of the decedent's estate, and should not be limited to the statutes governing the descent and distribution of property. I think, however, the reasoning of the opinion of Mr. Justice THOMAS, in *Matter of Starbuck* (137 App. Div. 866), is controlling, and necessarily leads to the conclusion that the estate devolves by operation of law, rather than that it is transferred by the mere fact of intestacy. He said (p. 868): "Her intestacy was the *condition* of his taking, but not *the source of his estate.* * * * He took title upon her death intestate, but not by a *transfer thereby created.* From the fact that she did not devise it arises the fact that his right to take was not destroyed. She was capable of forestalling and preventing an estate, but could not make such estate. She simply did not preclude the operation of law that matured it upon her death. But when one seeks for any act on her part it cannot be found. His estate did not spring from her forbearance. He is indebted to such forbearance for obtaining what *the law provides for*

*him,* but nothing more." And at page 867 he said: "The words 'intestate laws' refer to the statutes governing the descent and distribution of a decedent's property. * * * That statute is the law's will for the disposition of property when its owner dies without a will. Upon inspection to discover what interests it transfers, it is found that it does not transfer an estate by the curtesy, but disclaims any effect upon such an estate. That is, it leaves it untouched as a matter that does not concern it. *Hence the taxing statute does not include it.*"

The case cited was affirmed by the Court of Appeals on opinion below (201 N. Y. 531), and the analogy, facts and reasoning are so applicable to the case at bar and so controlling as to require an affirmance of the decree of the surrogate.

BURR, WOODWARD and RICH, JJ., concurred; JENKS, P. J., taking no part.

Order of the Surrogate's Court of Kings county affirmed, with ten dollars costs and disbursements.