In re GREEN'S ESTATE.

(Supreme Court, Appellate Division, Second Department.   April 21, 1911.)

TAXATION (§ 878*)—TRANSFER TAX—PROPERTY SUBJECT TO—"PASSING UN-
DER INTESTATE LAWS."

The estate of a wife, a resident, dying intestate, leaving a husband
and no descendants, does not pass to the husband under the intestate
laws, within Tax Law (Consol. Laws 1909, c. 60) § 220, imposing a tax
on the transfer of property "passing under intestate laws," but the es-
tate devolves on the husband by operation of law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701;
Dec. Dig. § 878.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the appraisal under the transfer tax act of the prop-
erty of Maria E. Green, deceased.   From an order of the Surrogate's
Court (68 Misc. Rep. 1, 124 N. Y. Supp. 863), reversing an order con-
firming the report of the appraisers to determine the tax, Clark Wil-
liams, State Comptroller, appeals.   Affirmed.

Argued before JENKS, P. J., and WOODWARD, BURR, RICH,
and HIRSCHBERG, JJ.

William W. Wingate, for appellant.
William Murray, for respondent.

HIRSCHBERG, J.   The question presented by this appeal is
whether the personal estate of a woman, a resident of the state, who
dies intestate, leaving a husband and no descendants, is subject to the
transfer tax.   In other words, does the estate devolve upon the hus-
band by virtue of the marriage, the common law, and the death of the
wife intestate, without descendants, and without having disposed of
the property during her life, or is the estate transferred to him by the
intestate laws?

By section 220 of the tax law (Consol. Laws 1909, c. 60) it is pro-
vided that:

"A tax shall be and is hereby imposed upon the transfer of any property,
real or personal: * * * (1) When the transfer is by will or by the in-
testate laws of this state from any person dying seised or possessed of the
property while a resident of the state."

The appellant's contention is that the words "the intestate laws of
this state" should be construed to include all the statutory provisions
concerning the administration and distribution of the decedent's es-
tate, and should not be limited to the statutes governing the descent
and distribution of property.   I think, however, the reasoning of the
opinion of Mr. Justice Thomas, in Matter of Starbuck, 137 App. Div.
866, 122 N. Y. Supp. 584, is controlling, and necessarily leads to the
conclusion that the estate devolves by operation of law, rather than
that it is transferred by the mere fact of intestacy.   He said (137 App.
Div. 868, 122 N. Y. Supp. 585):

"Her intestacy was the *condition* of his taking, but not *the source of
his estate.* * * * He took title upon her death intestate, but not by a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*transfer thereby created.* From the fact that she did not devise it arises the fact that his right to take was not destroyed. She was capable of forestalling and preventing an estate, but could not make such estate. She simply did not preclude the operation of law that matured it upon her death. But when one seeks for any act on her part it cannot be found. His estate did not spring from her forbearance. He is indebted to such forbearance for obtaining what *the law provides for him,* but nothing more."

And in 137 App. Div. 867, 122 N. Y. Supp. 585, he said:

"The words 'intestate laws' refer to the statutes governing the descent and distribution of a decedent's property. * * * That statute is the law's will for the disposition of property when its owner dies without a will. Upon inspection to discover what interest it transfers, it is found that it does not transfer an estate by the curtesy, but disclaims any effect upon such an estate. That is, it leaves it untouched as a matter that does not concern it. *Hence the taxing statute does not include it."*

The case cited was affirmed by the Court of Appeals, without opinion, on February 23, 1911, and the analogy, facts, and reasoning are so applicable to the case at bar, and so controlling, as to require an affirmance of the decree of the surrogate.

Order of the Surrogate's Court of Kings county affirmed, with $10 costs and disbursements.

BURR, WOODWARD, and RICH, JJ., concur. JENKS, P. J., taking no part.