### In re HINRICHS' ESTATE.

(Surrogate's Court, New York County. July 25, 1914.)

TAXATION (§ 868*)—TRANSFER TAX—ESTATE OF MARRIED WOMAN.

　　Since it is only when a woman dies leaving a husband but "no" descendants that the husband takes her property jure mariti, where a woman died intestate, a resident of New Jersey leaving property in New York, and a husband and children surviving her, her property passed according to the intestate laws of the state of her domicile, and the property in New York was subject to transfer taxation.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1685–1687; Dec. Dig. § 868.*]

Judicial settlement of the estate of Mamie Hinrichs, deceased. Application to declare the estate located in New York exempt from transfer tax. Denied.

Bruce W. Dennis, of Goshen, for William H. Hinrichs.
Thomas E. Rush, of New York City, for State Comptroller.

FOWLER, S. This is an application to declare the estate of decedent in this state exempt from transfer tax. The decedent, who was a resident of New Jersey, died intestate on the 12th of August, 1910. She was survived by her husband and four children. The petitioner contends that under the authority of the Matter of Green, 144 App. Div. 232, 129 N. Y. Supp. 54, her estate is not subject to a tax in this state. The Matter of Green decided that the personal property of a married woman dying intestate who was survived by her husband, but by no descendants, was not subject to a tax. It is only when a woman dies leaving a husband, but no descendants, that the husband takes her personal property jure mariti. Barnes v. Underwood, 47 N. Y. 351; Matter of Russell, 168 N. Y. 178, 61 N. E. 166. As the decedent herein was survived by her husband and children, the property passed in the manner and in the proportion prescribed by the intestate laws of the state of her domicile. The distribution of her personal property is governed by the law of New Jersey (Cross v. U. S. Trust Co., 131 N. Y.

330, 30 N. E. 125, 15 L. R. A. 606, 27 Am. St. Rep. 597); but the papers submitted on this application contain no proof of the statute law of that state. An appraiser will be designated to appraise the estate in this state for the purpose of the transfer tax.

The application to withdraw the petition heretofore filed for letters of administration upon the estate of decedent cannot be considered in a transfer tax proceeding; it should be made the subject of a separate proceeding.