ROBERT S. CHASE, Administrator, *vs.* SARAH B. H. PECKHAM, Executrix, *et als.*

Residuary testamentary gift as follows : —

" I give, bequeath, and devise, to my nephews T., J., H., H., B., and H., all the rest of my estate, share and share alike, they paying out of the same all my just debts, funeral charges, and the expenses of settling my estate."

*Held*, that the gift was to the nephews as a class, the burden imposed showing such to be the testator's intent. Hence, the share of one who died before the testator was taken by the others, and was not intestate property.

BILL IN EQUITY to construe the last will of Jethro Peckham, proven before the Probate Court of the town of Middletown, January 16, A. D. 1888.

*Newport, June* 1, 1891. STINESS, J. The will before us contains a residuary clause, as follows : —

" Eighth. I give, bequeath, and devise, to my nephews Theodore D. Peckham, Jethro J. Peckham, Howard R. Peckham, Herbert A. Peckham, Benjamin W. H. Peckham, and Henry L. Peckham, all the rest of my estate, share and share alike, they paying out of the same all my just debts, funeral charges, and the expense of settling my estate."

This clause, like many such testamentary provisions, describes the residuary legatees in two ways, each of which, taken by itself, has a well-settled legal effect, quite different from the other. It

describes them by name, which makes a bequest to them as individuals, so that if one dies without issue before the testator, the legacy to him fails; it also describes them as nephews, *i. e.*, as a class, which makes a bequest to such of the class as are capable of receiving it when the bequest takes effect. Where both descriptions occur, with nothing more to show the testator's intent, the construction is, that the gift by name constitutes a gift to individuals to which the class description is added by way of identification. In *Church* v. *Church*, 15 R. I. 138, the devise was to sons by name. It was held that they took as individuals, and that while a residuary clause draws to it lapsed or void legacies, it does not include a legacy which fails out of the residue itself. But the paramount test of the construction of a will is the intent of the testator, to which these rules of construction must yield.

Under the rules as stated, the share of the residuary estate bequeathed to Herbert A. Peckham, who died without issue before the testator, would not fall into the *residuum*, and would not go to the remaining nephews, as the survivors of a class, unless the clause as a whole shows a different intent. It is contended by the surviving nephews that the last portion of the residuary clause, " They paying out of the same all my just debts, funeral charges, and the expenses of settling my estate," shows an intent to give to them as a class ; and we think the contention is well founded. As was held in *Woonsocket Inst. for Savings* v. *Ballou*, 16 R. I. 351, such words amount to a charge, which can be enforced as such. The testator meant to leave to his nephews the duty of discharging his debts and thus practically settling his estate ; in consideration of which, they were to receive the residue of his property. The legacy and the duty were evidently intended to go together as to a class, although the individuals then composing the class were named. The testator's nephews, as nephews, were the ones to whom he desired to commit the charge of paying all his debts. He did not contemplate a distribution of a part of this duty to his heirs or others, nor an increase of the nephews' burden by an abatement of their legacy in case there should be a lapse ; indeed, we may say he did not contemplate a lapse at all, although this is probably the case in wills generally. But in this case an intent appears. To his brothers and sister in, previous clauses, he had

made specific bequests; to his nieces he had named the sum *each* should receive; while to. the nephews he gave the remainder in lump, coupled with the charge and duty stated. To some extent they had the duties of an executor, and so, partly in compensation as well as for affection, they were to receive the residue of the estate. In the case of *Knight* v. *Gould*, 2 Myl. & K. 295, a bequest to executors named, by way of recompense for their services, was held to be a bequest to a class. Although in that case the legacy was to persons in an official character, whose office being joint, it would naturally follow that the reward was meant to be joint, yet the principle is the same in this case, and a like intent is here evinced with but little less clearness. Such an intent determines the character and construction of a testamentary bequest. Thus in *Hoppock et al.* v. *Tucker*, 59 N. Y. 202, it was held to be the testator's intent that certain children named in a residuary clause should take as a class, and it was accordingly so construed. In *Schaffer* v. *Kettell*, 14 Allen, 528, the court held that although an estate is devised co the children of a person by name, yet if it appears from the whole will that the testator intended that they should take as a class, the share of one of them who died before the testator, without issue, will go to the survivors. See, also, *Crecilius* v. *Horst*, 9 Mo. App. 51, affirmed in 78 Mo. 566; *Stedman* v. *Priest*, 103 Mass. 293; *Jackson* v. *Roberts*, 14 Gray, 546; *Talcott* v. *Talcott*, 39 Conn. 186; *Warner's Appeal from Probate*, 39 Conn. 253. The case of *Boller* v. *Smith*, 39 Conn. 217, was exactly like the case at bar. The residue of an estate was given to three nephews, by name, "they paying all the other legacies." One of them died before the testator. The facts that the legatees were named and were to have an equal interest were held not to overcome the presumption arising from the facts that they were also spoken of as a class, and that, as such, a joint duty devolved upon them as a condition to their enjoyment of the legacy. The decision and the reasoning on which it rests are in harmony with our conclusions in this case.

We decide that the surviving nephews are entitled to take as a class under the will, and a decree may be entered accordingly.

*Decree accordingly.*

*William P. Sheffield*, for complainant.
*Charles Acton Ives*, for respondent.