**UNITED STATES of America,
Plaintiff,**

v.

**A. Ray SEGAL, Defendant.
Crim. No. 8792.**

United States District Court
D. Minnesota, Fourth Division.
Jan. 24, 1957.

Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for the Government.

Richard B. Ryan, Linus Hammond, St. Paul, Minn., for defendant.

DEVITT, District Judge.

The defendant was found guilty, by a jury, of subornation of perjury, 18 U.S. C.A. § 1622, and has made timely motions for judgment of acquittal and a new trial.

Extensive oral argument was had and voluminous briefs have been filed.

 I am satisfied that the evidence here amply supports the verdict. The evidence and inferences to be drawn from it must be viewed in a light most favorable to the prosecution. Rule 29, Fed.Rules Crim.Proc. 18 U.S.C.A.; Barron, Federal Practice and Procedure, Sec. 2221, et seq. and cases cited. The motion for acquittal is denied.

The motion for a new trial is based on several grounds. The Court has considered all of the grounds urged. One of them is deserving of comment.

The defendant assigns error in the admission of evidence concerning the so-called "Doering-Aron matters". One Rebecca Aron testified at the trial on behalf of the government. She is an admitted former prostitute. Her testimony tended to support and corroborate the testimony of the government's chief witness, Mary K. Johnson (Loveless), that she, Johnson, lied and was suborned to do so by the defendant in the white slave prosecution of one Donald Nelson in October, 1953.

The Court admitted evidence, over the objection of defendant, that was designed to show that the defendant Segal had made attempts to persuade Rebecca Aron to leave town just prior to the first trial of this case in March, 1956. Aron testified that she had received phone calls "concerning my leaving town, receiving some money to leave town or something." The government, of course, had the onus of proving that the calls emanated from Segal or his representative. From the evidence produced to connect Segal with these phone calls, the jury was clearly warranted in finding the following facts, related herein in narrative.

Aron, a colored prostitute, had been maintaining a clandestine relationship for about two years with one Herb Doering, an insurance company representative from New Ulm, Minnesota. Doering is married and has a family. Periodically, he had given Aron money and gifts. Doering apparently had some influence upon Aron, and it was this influence that interfered with Segal's attempts to secure Aron's absence from his trial. To get Doering out of the way, Segal called Doering's wife in New Ulm and told her that he, Segal, had discovered that her husband was associating with a colored prostitute. Segal told her that Doering was interfering with Segal's efforts to get Rebecca Aron to leave town. The testimony of Doering himself, Mrs. Doering, Robert Whitchurch, Doering's business superior, and Sidney Gislason, a New Ulm lawyer to whom Mrs. Doering turned for advice on

the matter, tended to establish that Segal was attempting to eliminate Aron as a witness against him and that to do so he was employing oppressive measures against Aron's illicit lover, Doering. The jury would be amply justified in drawing the necessary connection between the coercion of Herb Doering and the "anonymous" phone calls to Rebecca Aron.

The defendant contends that it was prejudicial error to admit this evidence. He states in his brief:

"Under the provisions of Title 18 Section 1503 [U.S.C.A.] it is a felony to corruptly threaten a witness in any U. S. Court proceeding and we assume the Government was attempting to show that the defendant violated this section of the statute being an offense similar to the one charged in the Segal indictment, * * *, and that such evidence was admissible to show 'intent' of Segal of the crime he was charged with."

Defendant cites, as controlling, a line of cases including Paris v. United States, 8 Cir., 260 F. 529; Gart v. United States, 8 Cir., 294 F. 66; Edwards v. United States, 8 Cir., 18 F.2d 402; Fabacher v. United States, 5 Cir., 20 F.2d 736; and others. The issue involved in these cases was as to the admissibility of evidence of similar offenses to show an intent to commit the crime charged.

■ But, these cases are not controlling here for the evidence concerning the Doering-Aron matter was not admitted on the theory that there were similar offenses involved. Impeding a government witness is, of course, a crime, 18 U.S.C.A. § 1503, and there is some similarity between that crime and the offense of subornation of perjury for which Segal was tried, but, this similarity is only a fortuitous circumstance in this case. Inducing a witness to leave town is merely another form of suppressing evidence. An attempt by a defendant to suppress evidence leads to the conclusion that the evidence would be unfavorable to him. This is evidence of guilt and, as such, relevant. This is the theory upon which it is admissible, and it is admissible regardless of the crime charged. See Di Carlo v. United States, 2 Cir., 6 F.2d 364, 368.

In Carnahan v. United States, 8 Cir., 35 F.2d 96, 67 A.L.R. 1035, the crime charged was conspiracy to violate the National Prohibition Act. There was evidence that a co-conspirator DeMayo had sought an attorney to get a witness to leave the country. Because of factors immaterial here, the evidence was not admissible as against Carnahan, but it was held properly admitted as against DeMayo.

In Vause v. United States, 2 Cir., 53 F.2d 346, 354, evidence of conversations by witnesses with the defendant in which the defendant had told the witnesses to remain silent about his connection with the crime was held admissible. The offense charged was fraudulent use of the mails.

Although the evidence received on the Doering-Aron matter may have tended, incidentally, to show the commission of a separate crime, it was not admitted for that purpose; it was clearly relevant and competent to prove the crime with which the defendant was charged. Bram v. United States, 8 Cir., 226 F.2d 858, 863; Hardy v. United States, 8 Cir., 199 F.2d 704, 707.

This defendant had a fair trial. He was ably represented by two highly competent and skilled attorneys with years of experience in the field of criminal law. Both of them are former prosecuting officers. They were vigorous and adept in the defense. The defendant is himself a lawyer, well versed and experienced, especially in the field of federal criminal law, and was able to be of great assistance in his own defense.

This is the second time a jury has found the defendant guilty. The first verdict, returned in March, 1956, was set aside by my colleague, Chief Judge Nordbye, solely "in the interest of justice", because of the unchallenged admis-

sion into evidence of irrelevant testimony pertaining to the relationship of defendant and a prostitute.

In the second trial, substantially the same evidence was introduced as was received in the first trial with the exception of the irrelevant evidence noted above. In addition, evidence of defendant's alleged attempt to impede the witness Aron, discussed previously, was received.

There is no indication of passion or prejudice practiced against the defendant. The jury, chosen without objection, represented a fair cross-section of the community. It was attentive throughout the trial. It was conscientious in the discharge of all of its duties. Its unanimous verdict was of guilt. This is a conclusion well supported by the evidence. The Court believes the record to be absent of prejudicial error. There is no reason or occasion for a new trial.

The motions are denied.