**UNITED STATES of America, Appellee,**

v.

**WAI LAU, Defendant-Appellant.**

**No. 231, Docket 28521.**

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1964.

Decided March 23, 1964.

Jack D. Samuels, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, and James M. Brachman, Asst. U. S. Atty., New York City, on the brief), for appellee.

Gilbert S. Rosenthal, New York City, for defendant-appellant.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Appellant was found guilty on all three counts of an indictment. Count One in substance charged possession and concealment of approximately 19 grams of opium. 21 U.S.C.A. §§ 173, 174. Count Two charged appellant with offering money to a narcotics agent with intent to induce him not to arrest appellant. Count Three made the same charge with respect to the second narcotics agent. 18 U.S.C.A. § 201.

Appellant's primary argument on appeal is: "There was not sufficient probable cause to justify the arrest of the defendant without a warrant and his arrest was illegal; the search of his person and the seizure of contraband therefrom was illegal; his motion to suppress the evidence so seized should have been granted."

■ An arrest may be made without a warrant where the person making the arrest "has reasonable grounds to believe that the person to be arrested has committed or is committing such violation." 26 U.S.C.A. § 7607(2). The test of lawfulness, therefore, is the reasonableness of the grounds. On the evening of May 25, 1961, two Federal narcotics agents observed appellant at the corner of Mott and Pell Streets, the heart of New York's Chinatown. They saw him talk briefly with Lem Ho, a known opium violator. They identified themselves and arrested appellant without a warrant. A search of his person disclosed two opium pills, secreted in an eyeglass case. Appellant admitted ownership of the pills. He then offered the agents sums of money from $10 to $100 apiece if they would permit him to swallow the pills. The agents had many other grounds to justify their action. On April 12, 1961, they had been present when a New York City police detective arrested appellant in his apartment and there found 78 grains of smoking opium. Early in May an informer told the agents that appellant was again trafficking in opium and operating in the vicinity of Mott and Pell Streets during the dinner hour. A week or so later, another user of opium told them that appellant was selling opium pills at the location mentioned. Again shortly before appellant's arrest, a third informer furnished identical information. On approximately six occasions in May, the agents had observed appellant frequenting the Mott and Pell Streets location and speaking with people. The cumulative effect of their observations and the information received from reliable informers gave reasonable grounds for the action which the agents finally took on May 25, 1961.

■ What constitutes reasonableness must depend upon the specific facts presented in each case. Little value is obtained from decisions dealing with other fact situations. Of course, in almost all cases where reasonableness must be determined, there are cases on either side of the line. Here, however, there is sufficient proof to satisfy the Government's burden that there were reasonable grounds for the arrest.

■ As a second point, appellant urges that the time between arrest (May 25, 1961) and the trial calls for the granting of appellant's motion to dismiss the indictment. With appellant's consent, the case was marked off the district court's calendar in June, 1961, as was appellant's motion to suppress. In March, 1963, the motion was restored to the calendar and, after a hearing, resulted in a decision suppressing the contraband seized from appellant's residence but denying the motion as to the evidence seized from his person at the time of his arrest. The case was tried during the first week of April, 1963.

In the interval [almost two years between June 1961 and April 1963], appellant did not press for trial. It was in his interest not to do so. He undoubtedly hoped that the Government would never bring the case on for trial. Had he chosen to have his guilt or innocence determined during this two-year period and if the uncertainty as to his

fate was as bothersome to him as he now claims it to have been, appellant could have requested his counsel to urge restoration to the calendar. He was represented by able and experienced counsel who undoubtedly would have advised him that it would not have been good strategy to disturb the case's dormant condition.

Judgment affirmed.