**UNITED STATES of America, Appellee,**

v.

**Robert WILLIAMS and Henry Watson, Appellants.**

**No. 429, Docket 28741.**

United States Court of Appeals Second Circuit.

Argued April 20, 1964.

Decided May 15, 1964.

Certiorari Denied Oct. 12, 1964.

See 85 S.Ct. 54.

R. Harcourt Dodds, Asst. U. S. Atty., for Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Martin R. Gold, Asst. U. S. Atty., of counsel), for appellee.

Joseph I. Stone, of Stone & Diller, New York City, for appellants.

184

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Convicted of unlawfully possessing narcotics, appellants Robert Williams and Henry Watson contend on appeal that Judge Croake improperly denied their pre-trial motions to suppress heroin seized in the course of an allegedly illegal search. We entirely agree with Judge Croake's determination, reported at 219 F.Supp. 666 (S.D.N.Y.1963), that the search was incident to a lawful arrest, and we accordingly affirm the convictions.

■■ As the relevant facts are fully and fairly set forth in Judge Croake's opinion, they will not be repeated here. It is sufficient to say that 26 U.S.C. § 7607 empowers a narcotics officer to make arrests without a warrant for violations of the narcotics laws when he has "reasonable grounds to believe that the person to be arrested has committed or is committing such violation." As we recently reemphasized in United States v. Wai Lau, 329 F.2d 310 (2d Cir. 1964), "[w]hat constitutes reasonableness must depend upon the specific facts presented in each case." And as is more than clear from Judge Croake's opinion, the specific facts presented here plainly provided such reasonable grounds.

■ The other objections raised by appellants are without merit. Thus, they contend that at trial, Judge Dawson permitted the prosecution to introduce the narcotics after the government had inadvertently closed its case; allowed the prosecution to pose a few additional questions to a government witness after direct examination had been completed but before cross-examination had commenced; and denied Watson's motion for a severance. Since decisions of this sort are well within the Trial Judge's discretion and since appellants have been able to point to no resulting prejudice, their contentions in this regard border on the frivolous.

The judgments of conviction are affirmed.