**UNITED STATES of America, Appellee,**

v.

**Albert BRACER, Defendant-Appellant.**
**No. 325, Docket 29364.**

United States Court of Appeals
Second Circuit.

Argued Jan. 27, 1965.

Decided March 9, 1965.

Philip Segal, New York City (Samuel Segal, New York City, on the brief), for defendant-appellant.

R. Harcourt Dodds, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and Jack D. Samuels, Asst. U. S. Atty., Southern Dist. of New York, on the brief), for appellee.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

After a trial by jury in the United States District Court for the Southern District of New York, McLean, J., the appellant Bracer was found to have violated 21 U.S.C. §§ 173–174 by receiving, concealing, selling, and facilitating the transportation, etc., of approximately 4 grams and 340 grams of heroin on two separate occasions on April 10, 1963, and to have conspired with co-defendants Torres and Solero to violate §§ 173–174. He received concurrent 7-year sentences on all counts. Bracer was arrested without a warrant on April 10, 1963 following the arrest on April 8 of Solero, who informed the agents that he had been obtaining his heroin from Bracer. At the time of his arrest, Bracer's car was searched and a package of heroin discovered on the floor, and while being interrogated Bracer volunteered to the arresting agent that he had additional heroin stored in his apartment. Bracer then consented to a search of his apartment. Bracer now contends that the search of his home was without his consent and hence unlawful, that his arrest without a warrant was illegal, in that probable cause was lacking, and that the heroin obtained at the time of his arrest was hence inadmissible evidence, and that there was insufficient evidence to support the conspiracy conviction. He has failed to demonstrate error on either of the substantive counts, and we affirm the judgment on the substantive counts. We do not reach the conspiracy count.

In the first place, the arresting agent Bailey had probable cause to make the arrest and to search Bracer's automobile. The evidence outlined below, obtained through the agents' surveillance showed to a high degree of

probability that the appellant was an integral part of the distribution scheme and further served to substantiate Solero's claim that Bracer was the source. When, on April 1, Solero ventured out to obtain an additional ounce of heroin for Bailey who was acting as a purchaser, Solero was seen by the agents to proceed directly to Bracer's apartment and to return immediately to Bailey with the additional heroin. Furthermore, the files of the narcotics bureau showed that Bracer had previously been convicted for a narcotics violation, and information Bailey had received from a fellow agent disclosed that appellant was engaged in the narcotics trade. Finally, on April 3, Solero told Bailey that he was going to meet his connection. Agents watching Solero then saw him proceed to a street corner in the Bronx where, after waiting a short while, he twice motioned to Bracer who drove past him on two different occasions without stopping; and, when Solero returned to Bailey, he told Bailey that he had just seen his connection, but that his connection for some reason did not stop.

26 U.S.C.A. § 7607 empowers a narcotics officer to make arrests without a warrant for violations of the narcotics laws when he has "reasonable grounds to believe that the person to be arrested has committed or is committing such violation." "Reasonable grounds" is construed to mean probable cause, and probable cause is defined to mean more than mere suspicion, but not that the arresting officer be in possession of evidence sufficient to result in the conviction of the suspect—it requires evidence which would "warrant a man of reasonable caution in the belief" that a felony has been committed. Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 413, 9 L.Ed.2d 441 (1963). Whether there was probable cause for the arrest is held to be a factual determination depending on the particular facts of the case. See United States v. Williams, 336 F.2d 183 (2 Cir. 1964); United States v. Wai Lau, 329 F.2d 310 (2 Cir. 1964). The facts here plainly presented

such reasonable grounds for Bracer's arrest. In United States v. Smith, 308 F.2d 657 (2 Cir. 1962), cert. den. 372 U.S. 906, 83 S.Ct. 717, 9 L.Ed.2d 716 (1963), this court held that probable cause existed for the defendant's arrest where an informer said he had bought from her, she had been observed meeting the informer, the description given agents by the informer proved to be correct and she appeared at the appointed time and place at which a sale of narcotics was to be made to an undercover agent. If the court in Smith was able to find sufficient reliable evidence, additional to the word of the narcotics peddler, to establish the requisite probable cause, then clearly there was probable cause for arresting Bracer whose activities were scrutinized at least as closely as Smith's.

■■ Bracer next contends that the search of his home was without his consent and hence unlawful. According to the Government, after the agents arrested Bracer, they informed him that they would have to obtain a search warrant in order to search his apartment. Bracer, it was claimed, then freely consented to such a search and led two agents to his apartment where an additional supply of heroin was uncovered. At trial, appellant moved to suppress the evidence thus obtained on the ground that he had withdrawn his consent upon reaching his apartment door.

The trial court denied the motion to suppress, finding that the search was conducted by the agents with the consent and approval of Bracer. While it is true that the Government has the burden of proving by clear and positive evidence that such consent was given, Channel v. United States, 285 F.2d 217 (9 Cir. 1960), the finding whether the consent was voluntarily given is a finding of fact that should not be lightly overturned by the appellate court. Here, there was evidence that after the agents told Bracer that they were going to get a search warrant for his apartment, he volunteered to take them to the apartment if only two agents would go along,

so as not to frighten his wife and mother, that Bracer told his wife to let them in and that she did so, whereupon Bracer led the agents to the cabinet containing the heroin. Moreover, the situation presented here bears a striking resemblance to that of United States v. Smith, supra. In both cases the defendant was arrested while in the possession of narcotics and prior to the obtaining of consent for the subsequent search, and the consent was with knowledge that the agents could and would obtain a warrant, quite unlike the search before the arrest issue posed by United States v. Como, 340 F.2d 891, 2 Cir., January 26, 1965, slip opinion pp. 957, 960. The denial of the motion to suppress was correct. The judgment of conviction is affirmed.