**255 A.2d 151.**

STATE *vs.* RONALD A. ALMEIDA.

JUNE 16, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. These are two criminal complaints and warrants, one of which charges the defendant with larceny of five automobile wheels and tires, and the other with a violation of G. L. 1956, §31-9-1.[1]

The cases were consolidated for trial to a superior court justice sitting without a jury, and resulted in defendant's conviction on both charges. They are before this court on the defendant's bills of exceptions.

The evidence establishes that on May 7, 1964, one Frank R. Deutsch left his automobile in a parking lot on Williams Street in the city of Providence. Later, he discovered it missing and reported this fact to the police. An investigation was commenced as a result of which Deutsch's automobile was located on Hunter Street in said city, stripped of its wheels and tires.

The evidence further establishes that some unidentified person informed the police of having observed "* * * an automobile that was used in taking the tires from the car on Hunter Street and departing the area." This informer furnished the police with the registration of the car in which the wheels and tires were placed and from this information the police ascertained that the car in question was registered to one Charles Lima. On being questioned, Lima advised the police that he had loaned his car to defendant and that the time period during which defendant was in possession of the car included the time at which it was observed by the police informant. It would appear

---

[1] This section in pertinent part provides:

"Any person who drives a vehicle, not his own, without the consent of the owner thereof, and with intent temporarily to deprive said owner of his possession of such vehicle, without intent to steal the same, is guilty of a misdemeanor."

that this is the extent of the information implicating defendant. Charles Lima accompanied a police officer to the corner of Ives and Fremont Streets where defendant was standing watching a game of handball. The defendant being pointed out by Lima as the person to whom the car had been loaned was taken into custody and driven to the Providence police station for questioning. It is undisputed that when so apprehended no warrant to arrest had been issued. At the station defendant made oral statements, admitting that he had driven the Deutsch car, without consent, from the parking lot on Williams Street to Hunter Street, where it was subsequently discovered by the police. He further orally admitted that it was he who had stripped Deutsch's car and taken five wheels and tires, bringing them to his own garage. He readily accompanied the police to said garage where the wheels and tires were found and recovered. Thereafter, defendant voluntarily signed a statement embodying the oral admissions previously made.

It appears from the record that defendant was convicted on both charges in the district court and appealed therefrom to the superior court. At defendant's request, the two charges were consolidated for trial. Prior to said trial, however, defendant moved to suppress the oral and written statements on the ground that they were the fruit of an unlawful arrest and as such inadmissible, *Mapp* v. *Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. This motion was made in connection with the charge of larceny, and after a hearing thereon, was denied. The cases were then immediately tried together to the superior court justice who had denied the motion to suppress and defendant was found guilty on both charges.

He duly prosecuted a bill of exceptions in each case. The bill of exceptions prosecuted in connection with the charge of violation of §31-9-1 contains 11 exceptions, the first 10 of which are evidentiary in nature and the eleventh which

assigns as error the trial justice's decision of guilty. The bill of exceptions prosecuted in connection with the charge of larceny contains 15 exceptions. The last 11 of these are identical to those contained in defendant's other bill of exceptions. The first four exceptions of the bill in the larceny charge were taken in connection with the hearing and decision on the defendant's motion to suppress, the first three of which are evidentiary in nature.

We turn first then to a consideration of these three exceptions. They were taken in connection with defendant's attempt to establish that at the time defendant was taken into custody when pointed out by Lima, defendant was in point of law under arrest. Apart from the solicited testimony to which the state's objections were sustained, it is clear from the record that defendant was not free to refuse to accompany the officer. Indeed, the latter admitted in essence that, had defendant attempted to avoid being taken to the station, he would have been taken there forcibly. Thus, we need not discuss the merits of defendant's first three exceptions taken in the course of the hearing on the motion to suppress, since we think it abundantly clear that on the facts and the law, defendant was under arrest at the time he made the statements and signed the confession. See *State* v. *Mercurio*, 96 R. I. 464, 194 A.2d 574.

Even so, the state contends that defendant's arrest was lawful, having been made pursuant to the provisions of §12-7-3(c). It provides:

"A peace officer may without a warrant arrest a person for a misdemeanor, whenever:

\* \* \*

"(c) The officer has reasonable ground to believe that the person to be arrested has committed a misdemeanor and either has fled from the scene of the crime or is a nonresident of this state and cannot be arrested later."

We are unable to agree with the state's contention. Reliance on the quoted section can be justified only if it can

be found that the arresting officer had "reasonable ground to believe" that defendant was the person observed to have driven off with the wheels and tires stripped from Deutsch's car. While it is obvious that from the information received from their informant and Lima, the police had reason to believe that defendant could be helpful to their investigation, it does not follow that such information constituted legal grounds to believe that defendant was culpably involved in the theft of the wheels and tires. Suspicious the police might be, but the *reasonable grounds* contemplated by the cited statute means more than mere suspicion, *United States* v. *Bracer* C.A. (N. Y.) 342 F.2d 522, 524. As this court stated in *State* v. *McWeeney,* 100 R. I. 394, 399, 216 A.2d 357, 360, citing *Wong Sun* v. *United States,* 371 U. S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 and *Draper* v. *United States,* 358 U. S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327, the terms "reasonable grounds" and "probable cause" in this area of the law mean substantially the same thing. Hence, the question arises — would there have been probable cause for the issuance of a warrant for defendant's arrest based solely on information relating to Lima's car being seen departing from the place where the Deutsch vehicle had been stripped? We think it clear that the answer must be in the negative.

Accordingly, it was error for the trial justice to deny defendant's motion to suppress. Stripped of the oral and written admissions made by defendant and the evidence relating to the seizing of the wheels and tires in defendant's garage, there is no competent evidence on which defendant's conviction of the larceny charge can be sustained.

Turning to a consideration of defendant's exceptions relative to the charge of having violated §31-9-1 we are likewise constrained to conclude that there is no competent evidence to support a finding of guilt. As previously noted, the first 10 exceptions are to evidentiary rulings of the

trial justice wherein he admitted into evidence, over defendant's objection, the oral and written statements made to the police during the time defendant was in unlawful custody. These objections were predicated on the same ground on which the motion to suppress in the larceny charge had been bottomed, namely, that they were the fruits of an unlawful arrest, and as such, were inadmissible.[2] Each of the defendant's exceptions taken to the evidentiary rulings has merit and must, therefore, be sustained. Absent the evidence improperly admitted, the trial justice's finding that the defendant was guilty as charged is likewise unsupportable. Hence, the exception taken to the trial justice's decision also has merit.

The conviction in each case is reversed, and each case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Luc R. LaBrosse,* Special Assistant to the Attorney General, *Donald P. Ryan, Assistant* Attorney General, of counsel, for plaintiff.

*Aram K. Berberian,* for defendant.

---

[2]Although no motion to suppress was made in connection with the charge of having violated §31-9-1, it is now established that the requirement of such a motion as a condition precedent to keeping out alleged illegal evidence at trial, is procedural, and as such is governed by the decisions of the United States Supreme Court when the effect of state procedural rules is to deny a defendant fundamental safeguards guaranteed by the United States Constitution. See *State* v. *Leavitt,* 103 R. I. 273, 237 A.2d 309 and cases cited therein.