306 A.2d 44.

STATE *vs.* RICHARD E. THEROUX.

JUNE 15, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

618

DORIS, J. This is an indictment charging the defendant with driving so as to endanger resulting in death. The case was tried to a justice of the Superior Court sitting with a jury and resulted in conviction of the defendant. The case is before this court on the defendant's bill of exceptions.

The evidence here establishes that at about 1:15 a.m. on August 17, 1968, a North Kingstown police officer came upon a 1965 light green Chevrolet, four door sedan, Rhode Island registration AT 640, stopped at the intersection of Post Road and Quonset Point Road in North Kingstown. The defendant was found in the car, so intoxicated that the officer and two other North Kingstown police officers transported him to his home, after locking the vehicle and leaving it on private property near the location where it had been stopped. When the police left defendant at his home they gave defendant's wife the keys to his automobile.

At about 5:45 a.m. on the same morning, in the same general area a passing motorist discovered a person, later identified as Tony R. Duckett, lying dead, partly on the shoulder of the road and partly on the highway. The deceased's watch was stopped at 1:12. Time of death was estimated at 2 a.m. by the medical examiner. An automobile radio antenna, an antenna base and chips of light green paint with silver paint underneath were taken from or near the body of the deceased. Later some of the deceased's hair was taken.

On August 19, 1968, at approximately 1:30 p.m., a North Kingstown police officer together with an investigator from the Registry of Motor Vehicles called at defendant's home and requested and received permission from defendant's wife to view defendant's Chevrolet automobile, registration AT 640, which was parked in the driveway of defendant's home. After viewing the automobile the police officer requested that defendant accompany him to the police station for further investigation. The defendant drove his car and was followed by the police in a police car. At the police station, a police officer requested and received from defendant the keys to the car. A short time later, defendant was advised of his constitutional rights. He then executed a waiver and gave a written statement to the police. After obtaining the keys to the car, police made a further examination of said car and the paint chips and hair obtained from the body of the deceased were matched with the paint of defendants' vehicle and with the hair obtained therefrom. Thereupon defendant was placed under arrest and charged by the police.

On January 29, 1969, defendant's motion to suppress the evidence was denied. It is to this denial and to the trial justice's denial of defendant's motion, both for a directed verdict and for a new trial, that the case is before this court on defendant's bill of exceptions.

We turn first to the consideration of the denial of defendant's motion to suppress the evidence. The defendant contends that when the North Kingstown police requested that he accompany them to the police station to continue the investigation that he was in fact under arrest and cites *State* v. *Almeida,* 105 R. I. 687, 255 A.2d 151 (1969); *State* v. *Mercurio,* 96 R. I. 464, 194 A.2d 574 (1963) and General Laws 1956 (1969 Reenactment) §12-7-7 as authority for this contention. He argues that such arrest, having been made without a warrant, was illegal. We agree that on the facts and on the law defendant was under arrest at the time the statement was made and when the automobile keys were given to the police.

The state contends, however, that the arrest was lawful, having been made under the provisions of §12-7-4(a). It provides:

> "A peace officer may without a warrant arrest a person for a felony, whenever: (a) The officer has reasonable ground to believe that a felony has been or is being committed and that the person to be arrested has committed or is committing it."

A determination of whether there is probable cause to support an arrest, is to be determined on the basis of a realistic and sensible analysis of the circumstances surrounding the arrest. *See State* v. *Roach,* 106 R. I. 280, 259 A.2d 119 (1969).

The trial justice in his decision reviewed the evidence and found that it had been established that defendant and his car were at the scene at or about the time the victim was struck, that defendant was in an intoxicated condition and that he was the only person in the car at the time. He further found that green paint was discovered on the victim's trousers and that this was the same color paint as defendant's car. He further found that all this information was in the possession of the police when they went to the home of defendant and examined his car. He conclud-

ed that on these facts the police had reasonable cause to arrest defendant. We find no error in his ruling.

The defendant next contends that the further search of his car and his signed admissions, while he was in police custody, were illegally obtained and that the trial justice erred in denying his motion to suppress. The trial justice, denying his motion to suppress, held that defendant was properly and timely advised of his rights and that the admissions were intelligently and voluntarily given as was permission to search the car.

It has never been held that a finding of consent, freely and intelligently given, is precluded as a matter of law, when obtained from one under arrest and officially secured. That valid consent was obtained under such circumstances is still a question of fact to be determined by the trial justice in the first instance, although the burden on the state is to establish such consent by clear and convincing evidence. *State* v. *Leavitt,* 103 R. I. 273, 237 A.2d 309 (1968); *United States* v. *Page,* 302 F.2d 81 (9th cir. 1962). As we review the evidence we are persuaded as was the trial justice that the admissions were voluntarily and intelligently made just as was permission to search defendant's car intelligently and voluntarily given. We therefore hold that the trial justice's decision on the motion to suppress was not error.

We now move to defendant's contention that the trial justice erred in denying his motions for a directed verdict and for a new trial. The defendant, relying on *Industrial National Bank* v. *Dyer,* 96 R. I. 39, 188 A.2d 909 (1963), argues that driving so as to endanger cannot be presumed from the mere fact of an accident or injury and that such a conclusion cannot be inferred from the inference that defendant was operating the car at the time of the injury.

In *Industrial National Bank* v. *Dyer, supra,* this court said:

"Conceding that a reasonable inference drawn from an established fact is itself an inferential fact which may be of probative force, it does not follow that such an inferential fact may then serve as the basis for a further inference that would likewise possess some probative force. A conclusion reached by drawing inferences from inferences is never considered as being probative of an ultimate fact under any proper concept of judicial proof." *Id.* at 45, 188 A.2d at 913.

This court has invariably followed the basic rule as enunciated, and has consistently rejected as being without evidentiary value an inference drawn from another inference. In several jurisdictions, however, there has been a tendency to make exceptions to the strict applications of the rule. In *Waldman* v. *Shipyard Marina, Inc.,* 102 R. I. 366, 230 A.2d 841 (1967) this court commenting on the views expressed in *Voelker* v. *Combined Ins. Co.,* 73 So.2d 403 (Fla. 1954) and *New York Life Ins. Co.* v. *McNeely,* 52 Ariz. 181, 79 P.2d 948 (1938), modified the long standing rule as enunciated in *Industrial National Bank* v. *Dyer, supra,* stating:

"It is our opinion that the long standing rule in this state may well be modified to conform to the view expressed in the Arizona and Florida cases. Under that rule the integrity of the fact-finding process is protected, it being clear that when an inference is such as to exclude any other reasonable inference being drawn from the basic fact, such an inference partakes of the nature of a fact to which probative force must be attributed. Obviously a court should never draw an inference from an inference that is itself speculative or of remote possibility. However, in cases that do not reach this extreme, justice may be promoted by the acceptance of an inference as having probative force which rests on another inference where that inference clearly excludes the drawing from the same fact of another reasonable inference. But an inference resting on an inference drawn from established facts must be rejected as being without probative force where the facts from which it is drawn are susceptible of another

reasonable inference." *Waldman* v. *Shipyard Marina, Inc., supra* at 373-74, 230 A.2d at 845.

We hold this modified rule as enunciated in *Waldman* to be dispositive of the defendant's exceptions since the record clearly indicates that the trial justice properly applied the rule. We find no error in the denial by the trial justice of the defendant's motions both for a directed verdict and for a new trial.

The exceptions of the defendant are overruled and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Emanuel J. Lauria,* Asst. Public Defender, for defendant.